United States District Court
Eastern District of Pennsylvania
Civil Action

| | |
|---|---|
| JONATHAN FRANCISCO,<br>Plaintiff, One of the People | Docket<br>No. ____________________ |
| V. | Verified Complaint for Declaratory & |
| **Director Gary Kline** of the Lancaster County Domestic Relations Section **("DRS"),** in his official capacity;<br>**County of Lancaster, Pennsylvania;**<br>**Officer Shane Johnson,** in his individual capacity;<br>**Sheriff of Lancaster County,** in his official capacity;<br>Defendants | Injunctive Relief under 42 U.S.C. § 1983<br>& 28 U.S.C. §§ 2201-2202<br><br>Jury Trial Demanded |

# VERIFIED DEPERARTION OF RIGHTS COMPLAINT (42 U.S.C. § 1983) – AS-APPLIED PROSPECTIVE RELIEF & DAMAGES

## INTRODUCTION

1. This case challenges **structural constitutional violations** (not mere technicalities): (a) a **warrantless home seizure** and a over **50-hour** detention without a prompt, neutral judicial probable-cause determination, and (b) the imposition/coercion of **penalty-type consequences** through a **non-judicial, expedited Title IV-D apparatus** that lacks constitutionally sufficient adjudication.
2. Plaintiff does **not** ask this Court to review, modify, or vacate any state-court judgment. He seeks (i) **damages** from the officer who seized and detained him unconstitutionally, (ii) **prospective, as-applied declaratory and injunctive relief** to bar **future** use of unconstitutional enforcement procedures **against him**, and (iii) a declaration that any original order or sanctions issued through the challenged Title IV-D apparatus are **void and unconstitutional as applied to Plaintiff** and **unenforceable** against him.
3. Pennsylvania's Constitution recognizes that **"All men are born equally free and independent"** with indefeasible rights to **life, liberty, property, reputation, and the pursuit of happiness.** *Pa. Const.* **Art. I § 1.** As moral context, Plaintiff invokes **Genesis 1:26** and **3:22**, and further **Isaiah 10:1–2; Matthew 6:24; Psalm 127:3–5; 1 Corinthians 7:23; and Romans 6:14**; the claims here rest on binding constitutional law.

## JURISDICTION AND VENUE

4. This action arises under the Constitution and laws of the United States, including the **Fourth, Seventh, Thirteenth,** and **Fourteenth** Amendments (and, to the extent applicable, the **Fifth Amendment Takings Clause**), and under **42 U.S.C. § 1983**. The

Court has jurisdiction under **28 U.S.C. §§ 1331, 1343**, and may grant declaratory and injunctive relief under **28 U.S.C. §§ 2201–2202**.

5. Venue is proper in the **Eastern District of Pennsylvania** under **28 U.S.C. § 1391(b)(1)–(2)** because **Defendants—including the arresting officer, the County, the Sheriff, and the DRS Director—reside in and perform their official duties in Lancaster County, Pennsylvania**, which lies within this District; **additionally,** a substantial part of the events or omissions giving rise to the claims occurred here.
6. Claims for **prospective** relief against the Sheriff and DRS Director proceed under **Ex parte Young**; **damages** are sought only from **Officer Johnson** (individual capacity) and **County of Lancaster** (Monell).

## PARTIES

7. **Plaintiff Jonathan** is a man domiciled in Lancaster County, Pennsylvania. Mailing address: **Po Box 3 Reamstown, Pennsylvania (17567)**.
8. Officer **Shane Johnson** is a law-enforcement officer who personally **arrested/seized** Plaintiff at his home **without a warrant** and caused Plaintiff's extended **50 hour detention** before any neutral judicial probable-cause determination**. Sued in his individual capacity.** Service address : **East Cocalico Township Police Department, 100 Hill Road, Denver, PA 17517.**
9. **County of Lancaster** is a municipal entity suable as a "person" under 42 U.S.C. § 1983 for **policies/customs** and **failures to train/supervise** that caused Plaintiff's injuries.
10. **Sheriff of Lancaster County** is sued **in official capacity only** for **prospective** declaratory/injunctive relief concerning **arrest/booking/prompt-presentment** policy and training.
11. **Director of the Lancaster County Domestic Relations Section (DRS)** is sued **in official capacity only** for **prospective, as-applied declaratory/injunctive relief** concerning the **Title IV-D expedited apparatus** and enforcement practices challenged here.

## RELATED STATE PROCEEDING

This action concerns Title IV-D enforcement proceedings in the Court of Common Pleas of Lancaster County, Domestic Relations Section, **Docket No. 2023-00674 (PACSES No. 548302071)**. Plaintiff does not ask this Court to review, modify, or vacate any state-court judgment; he seeks only **prospective, as-applied declaratory and injunctive relief** to prevent future unconstitutional procedures against him, and **damages** from the responsible municipal officer and municipality.

## LEGAL FRAMEWORK (FEDERAL & PENNSYLVANIA)

12. **Title IV-D structure & cooperative arrangements.** States must operate a **single and separate IV-D agency** under a federally approved **state plan** and enter **written cooperative arrangements** with courts and law enforcement. **45 C.F.R. §§ 302.12, 302.34; 42 U.S.C. § 654.** Pennsylvania implements IV-D via **23 Pa.C.S. §§ 4372–4373**

(designating and empowering the IV-D unit and authorizing cooperative arrangements with county DRS/courts/law enforcement).

13. **Expedited process must protect due process.** Even in IV-D **expedited** procedures, **"due-process rights of the parties must be protected." 45 C.F.R. § 303.101(c)(2)**; see also **45 C.F.R. § 303.6** (post-*Turner* safeguards for enforcement when incarceration is at stake). In Pennsylvania, DRS operates within the court system and must follow due-process and review procedures. **42 Pa.C.S. § 961; Pa.R.C.P. 1910; 23 Pa.C.S. § 4305(d).**
14. **Contempt liberty protections.** Before incarceration for civil contempt in child-support matters, courts must provide **Turner v. Rogers, 564 U.S. 431 (2011)** safeguards: (1) clear notice that **ability to pay** is the critical issue, (2) a meaningful way to present financial information, (3) an opportunity to respond, and (4) an **express finding** of present ability to pay before any incarceration.
15. **Penalty-type consequences require constitutionally sufficient adjudication.** When government seeks **civil-penalty-type** consequences akin to common-law punitive remedies, adjudication must include constitutionally required protections (Article III court and, where applicable, **jury**). **SEC v. Jarkesy, 144 S. Ct. 2117 (2024).** Pennsylvania anchors: **Pa. Const. Art. I §§ 6** (jury) & **11** (open courts).
16. **Institutional pecuniary bias.** Federal IV-D law provides **incentive payments** tied to performance. **42 U.S.C. § 658a.** Pennsylvania authorizes **incentive pass-throughs** to political subdivisions. **23 Pa.C.S. § 4373(c).** Adjudication by a decisionmaker/institution with a **direct, personal, substantial** pecuniary interest violates due process. **Tumey v. Ohio; Ward v. Monroeville; Caperton v. A.T. Massey.**
17. **Warrantless seizure & the 48-hour rule.** A prompt neutral judicial probable-cause determination is required; detention **beyond 48 hours** without such review is presumptively unconstitutional. **Gerstein v. Pugh, 420 U.S. 103 (1975); County of Riverside v. McLaughlin, 500 U.S. 44 (1991).**
18. **Void judgments / coram non judice (as-applied).** Acts by a forum **lacking constitutional warrant** to impose penalties are **coram non judice** and **void as applied**. Persuasive: **Holmberg v. Holmberg, 588 N.W.2d 720 (Minn. 1999)** (expedited IV-D process violated separation of powers).
19. **Anti-peonage.** The **Thirteenth Amendment** and **42 U.S.C. § 1994** abolish peonage/involuntary servitude (outside punishment for crime), underscoring limits on coercing labor/payment without lawful adjudication.
20. **Contract/consent context (supportive).** Title IV-D runs through **state plans** and **cooperative agreements** among public entities, not private contracts with obligors. Plaintiff alleges no assent/privity to any "services" contract. (Cf. **45 C.F.R. § 302.33**; persuasive: **Kent v. N.Y. Cent. R.R. Co., 12 N.Y. 628**.)
21. **Pennsylvania constitutional anchors. Pa. Const. Art. I § 1** (inherent rights); **§ 6** (jury); **§ 11** (open courts/due course of law).
22. **Program purpose / no individualized "best interests" entitlement.** Courts have underscored that Title IV-D focuses on **state-plan compliance and system performance**, not the creation of **individually enforceable "best interests" entitlements**. See **Blessing v. Freestone**, 520 U.S. 329, 343–45 (1997); **Wehunt v. Ledbetter**, 875 F.2d 1558, 1565–66 (11th Cir. 1989); **Tongol v. Usery**, 601 F.2d 1091,

1097–98 (9th Cir. 1979); see also **United States v. Faasse**, 265 F.3d 475, 479–85 (6th Cir. 2001) (en banc).

23. **Limits on compelled disclosures.** Government compulsion to produce or disclose information is bounded by the **Fourth** and **Fifth Amendments**; process must be reasonable in scope and not oppressive, and the privilege against self-incrimination is personal. See **Hale v. Henkel, 201 U.S. 43, 76–77 (1906)**.

FACTUAL ALLEGATIONS — TIMELINE

24. On **5/11/24**, at his private dwelling, Plaintiff was performing landscaping at his private dwelling.
25. **Officer Johnson** drove by, observed Plaintiff at his private dwelling, and approached onto the property. Upon approach, Officer Johnson immediately attempted to arrest Plaintiff.
    **(a).** Plaintiff asked to see a **warrant—at least three times**.
    **(b).** Plaintiff requested **civilian due process**
    **(c).** No **warrant** was produced in response to any of Plaintiff's requests.
    **(d).** Officer Johnson did not articulate any facts establishing **probable cause** to detain Plaintiff or to demand identification.
    **(e).** Prominent **"No Trespassing"** signs were posted at both the **front** and **back** doors of Plaintiff's home. **Despite the posted notices and without consent**, Officer Johnson **entered onto and remained upon the property**.
26. **(a).** Officer Johnson **arrested/detained** Plaintiff and transported him to the **Ephrata Police Department** for identification attempts using computer systems, **without a warrant or probable cause**.
    **(b).** At no time before or during transport or custodial interrogation did Johnson advise Plaintiff of his rights under **Miranda**.
27. Plaintiff was **booked** and **fingerprinted** without consent.
    **(a). Johnson transported Plaintiff from his private dwelling to the Ephrata Police Department** to attempt to **identify him using in-house computer systems/databases without a warrant or probable cause**; Plaintiff was not released.
    **(b).** During booking at **Lancaster County Prison**, jail staff stated or implied that Plaintiff would be **forcibly stripped** or otherwise punished if he refused to provide a **Social Security number** or other personal information, further coercing compliance and causing dignitary and emotional harm. **Officer Johnson remained present and would not leave until Plaintiff complied**, contributing to the coercion.
28. Plaintiff remained **jailed approximately 50 hours** before any appearance or neutral judicial probable-cause determination, exceeding the **48-hour** constitutional benchmark.
    **(a).** That confinement **overlapped a family-gathering weekend**, including **Mother's Day weekend, May 12, 2024**, depriving Plaintiff of time with loved ones and causing emotional distress and loss of familial association.
    **(b).** The confinement and its aftermath caused significant **emotional distress, stress, and duress**, including anxiety, humiliation, and sleep disturbance, making it **harder to pay necessary bills** and obligations, and caused **reputational harm** among family and neighbors.

29. After release, Plaintiff was repeatedly routed into **expedited Title IV-D enforcement/contempt** where **penalty-type consequences** (contempt/jail threats, license suspension, significant monetary exactions) were pressed.
**(a).** The DRS has **consistently coerced** Plaintiff to **pay or be jailed**, demanding and collecting payments **without any determination of ability to pay**.
**(b).** On multiple occasions, third parties—identified by Plaintiff as **testatrix** and **testator**—made payments **on Plaintiff's behalf** solely to prevent his incarceration, **diverting resources** from Plaintiff's household and offspring.
30. In proceedings where incarceration or coercive sanctions were at issue, authorities **did not** provide **Turner** safeguards: no clear notice that **ability to pay** was the central issue; no meaningful form/opportunity to present finances; and **no express finding** of present ability to pay prior to any coercive sanction.
(a). These **procedural injuries** produced **actual harms**: the **threat and reality** of confinement, **coerced payments**, and **increased difficulty paying necessities** such as housing, utilities, and food.
31. Plaintiff **never applied** for IV-D services and **never consented** to any services contract. Enforcement proceeded via **state plan** and **cooperative agreements** among government entities.
**(a).** Plaintiff has never applied for Title IV-D services, has not received IV-D services, and did not sign any application, retainer, or consent authorizing DRS to act on his behalf.
**(b).** Plaintiff provided written notices disputing any presumed contract or agency, including a letter of **rescission** and demands for proof of authority and **subject-matter jurisdiction**; these were ignored or denied without hearing. See Exhibit D
**(c).** Plaintiff repeatedly requested **discovery** and documents establishing the legal basis, jurisdiction, and authority for enforcement against him; those requests were not answered with competent proof. See Exhibit E
**(d).** DRS has filed petitions and pleadings styled as "on behalf of" the other parent, though Plaintiff has not granted **power of attorney** or consent to representation; Plaintiff understands DRS to be pursuing governmental enforcement rather than acting as private counsel.
**(e).** Without Plaintiff's consent, the other parent supplied Plaintiff's identity to DRS, and DRS/officials **searched for and associated a Social Security number (SSN)** with Plaintiff from records and used that association to **subject him to IV-D obligations**, despite Plaintiff's dispute of any consent or qualification for IV-D services.
**(f).** DRS did not provide the disclosure required by **Section 7 of the Privacy Act of 1974** (Pub. L. 93-579 §7) regarding the legal authority for SSN collection, whether disclosure was mandatory or voluntary, the intended uses, and the consequences of refusal.
32. On information and belief, the enforcement forum receives or is materially affected by **federal IV-D incentive funding** and **Pennsylvania pass-throughs** tied to performance, creating an **institutional pecuniary interest** in maximizing collections/penalties.
**(a).** Enforcement actions have **suspended** or **threatened suspension** of Plaintiff's **driver's license**, impairing his ability to work and travel for employment; related **traffic citations** culminated in suspension **without meaningful due process**.
**(b).** Authorities have placed a **lien/levy on Plaintiff's bank account**, further **impeding payment of essential bills** and depriving him of the use of funds for his own offspring.

33. Absent judicial intervention, Defendants will continue to employ the **expedited IV-D apparatus** to coerce or impose **penalty-type consequences** against Plaintiff **without** constitutionally required adjudication and will continue policies causing **>48-hour** holds on seizure.

**(a).** Plaintiff faces **imminent irreparable harm**: a **contempt/enforcement hearing currently set for October 14, 2025**, at which the same unconstitutional procedures threaten his liberty and property unless enjoined.

## CLAIMS (EACH WITH PER-COUNT REMEDY)

### COUNT 1 — UNLAWFUL SEIZURE & PROLONGED DETENTION

*(Fourth & Fourteenth Amendments; 42 U.S.C. § 1983)*
**Against: Officer Johnson (individual capacity)**

34. Plaintiff incorporates ¶¶ 1–31(a).
**Elements:** (a) a **seizure** by a state actor; (b) **unreasonable** because conducted at a home **without a warrant** or exigent circumstances; (c) **continued detention beyond ~48 hours** without a **neutral judicial probable-cause determination**; (d) **causation** and **damages**.
**Authorities:** *Payton v. New York*, 445 U.S. 573 (1980) (home arrests need a warrant); *Gerstein v. Pugh*, 420 U.S. 103 (1975); *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991) (48-hour benchmark); *Manuel v. City of Joliet*, 580 U.S. 357 (2017) (pretrial detention must rest on lawful PC).

**How violated here:** Johnson seized Plaintiff at his **home** without a warrant (¶¶ 24–28) and caused **an over 50 hours** of detention without a neutral PC determination .

**Per-Count Remedy: Compensatory** and **punitive** damages; costs/fees under 42 U.S.C. § 1988.S.C. § 1988.

### COUNT 2 — DEPRIVATION OF BODILY LIBERTY WITHOUT REQUIRED SAFEGUARDS

*(Fourteenth Amendment; 42 U.S.C. § 1983)*
**Against: Officer Johnson (individual capacity), to the extent he caused/continued the confinement or initiated coercive process without required safeguards**

35. Plaintiff incorporates ¶¶ 1–31(a).
**Elements (procedural due process):** (a) **Protected liberty interest** (freedom from confinement); (b) **deprivation under color of state law**; (c) **insufficient process** measured by **Mathews v. Eldridge**, 424 U.S. 319 (1976) (private interest; risk of erroneous deprivation; probable value of additional safeguards; government interest); and in civil-contempt contexts, **Turner v. Rogers**, 564 U.S. 431 (2011) safeguards where incarceration is possible.

**Authorities:** *Turner* (notice that ability to pay is the issue; meaningful means to present finances; opportunity to respond; **express finding** of present ability to pay before incarceration); 45 C.F.R. §§ **303.6**, **303.101(c)(2)**; *Bearden v. Georgia*, 461 U.S. 660 (1983) (analogous ability-to-pay findings before imprisonment for nonpayment).

**How violated here:** Proceedings threatening incarceration failed to provide **Turner** safeguards or any **express ability-to-pay finding** (¶ 29); Johnson's actions initiated/continued confinement without such process (¶¶ 24–28). These procedural failures **caused concrete injury**, including **coerced payments under threat of jail** (¶ 29-30, **inability to pay necessities** (¶ 28(a)), and **license suspension and bank-levy consequences** (¶¶ 32(a)–(b)).

**Per-Count Remedy: Compensatory** and **punitive** damages; costs/fees.

**COUNT 3 — MUNICIPAL LIABILITY (POLICY/CUSTOM; FAILURE TO TRAIN)**
*(Monell; 42 U.S.C. § 1983)*
**Against: County of Lancaster**

36. Plaintiff incorporates ¶¶ 1–31(a).
**Elements:** (a) an official **policy** or **custom** (including a failure to train/supervise amounting to **deliberate indifference**); (b) that **caused** the constitutional violation.

**Authorities:** *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *City of Canton v. Harris*, 489 U.S. 378 (1989) (failure to train); *Connick v. Thompson*, 563 U.S. 51 (2011) (deliberate indifference); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997) (moving force causation).

**How violated here:** County policies/customs and failures to train on **warrant requirements** and the **48-hour rule** caused the warrantless home seizure and **50-hour** hold (¶¶ 24–28, 33).

**Per-Count Remedy: Compensatory** damages; (optional) declaratory relief; costs/fees.

**COUNT 4 — STRUCTURAL / ULTRA VIRES EXERCISE OF JUDICIAL POWER (AS-APPLIED)**
*(U.S. Const. Art. III; Seventh & Fourteenth Amends.; **Art. VI, cl. 2 (Supremacy Clause)**; Pa. Const. Art. I §§ 6, 11)*
**Against: DRS Director (official capacity); Sheriff (official capacity as to policy/training)**

37. Plaintiff incorporates ¶¶ 1–31(a).
**Elements:** (a) the government seeks to impose **penalty-type consequences** (contempt incarceration, significant monetary exactions, license suspensions) on Plaintiff; (b) adjudication occurs in an **expedited, non-judicial (administrative) apparatus—analogous to a non-Article III tribunal**—lacking a **jury** where constitutionally required; (c) this structure **exceeds constitutional limits** (separation of powers and jury guarantees), and under the **Supremacy Clause (Art. VI, cl. 2)** unconstitutional mechanisms cannot be enforced **as applied** to Plaintiff.

**Authorities:** *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024) (civil penalties require jury in Article III court); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) (jury right for legal claims); *Stern v. Marshall*, 564 U.S. 462 (2011) & *N. Pipeline v. Marathon*, 458 U.S. 50 (1982) (limits on non-Article III adjudication); *Free Enterprise Fund v. PCAOB*, 561 U.S. 477 (2010) (structural separation-of-powers principles); Pa. Const. Art. I §§ 6, 11.

**How violated here:** Defendants used an **expedited IV-D apparatus** to coerce or impose **penalty-type** sanctions against Plaintiff (¶¶ 29–31) without **Article III/jury** protections, rendering such enforcement **ultra vires** and **void as applied**. Despite Plaintiff's written challenges (¶31), Defendants did not establish subject-matter jurisdiction or lawful authority to impose penalty-type sanctions as applied to Plaintiff.

**Per-Count Remedy: Declaratory judgment** that such enforcement is **unconstitutional and void as applied**; **prospective injunction** barring any **future** use against Plaintiff unless adjudicated with constitutionally required protections. *(Supportive constitutional background noted by Plaintiff: U.S. Const. Art. I § 8, cls. 14 & 17; Art. VI, cl. 2.)*

**COUNT 5 — CORAM NON JUDICE / VOID AB INITIO (AS-APPLIED)**
*(Due Process; separation of powers)*
**Against: DRS Director (official capacity)**

38. Plaintiff incorporates ¶¶ 1–31(a).
**Elements:** (a) the **non-judicial (administrative) forum lacked constitutional warrant/jurisdiction** to impose **penalty-type** sanctions in the manner used; (b) orders issued are **void as applied**; (c) forward-looking relief is proper to prevent continued enforcement.

**Authorities:** *Holmberg v. Holmberg*, 588 N.W.2d 720 (Minn. 1999) (IV-D expedited process violated separation of powers) (persuasive); general principle that **judgments without jurisdiction are void**.

**How violated here:** The expedited IV-D apparatus, as used against Plaintiff, lacked constitutional authority to impose **penalty-type** sanctions, rendering prior orders/sanctions **void as applied**. Despite Plaintiff's written challenges (¶31(b)–(c)), Defendants proceeded without establishing the forum's constitutional warrant to impose such sanctions.

**Per-Count Remedy: Declaratory judgment** of **voidness as applied**; **prospective injunction** prohibiting further use of the challenged apparatus against Plaintiff absent constitutionally sufficient adjudication.

**COUNT 6 — NEUTRAL DECISIONMAKER / INSTITUTIONAL PECUNIARY BIAS**
*(Fourteenth Amendment; 42 U.S.C. § 1983)*
**Against: DRS Director (official capacity)**

39. Plaintiff incorporates ¶¶ 1–31(a).
**Elements:** (a) adjudication/enforcement by a decisionmaker/institution with a **direct, personal, substantial** financial interest in the outcome or an **intolerable probability of bias**; (b) **as-applied** deprivation of due process.

**Authorities:** *Tumey v. Ohio*, 273 U.S. 510 (1927); *Ward v. Monroeville*, 409 U.S. 57 (1972); *Caperton v. A.T. Massey*, 556 U.S. 868 (2009); *Marshall v. Jerrico*, 446 U.S. 238 (1980) (limits for prosecutors vs adjudicators).

**How violated here:** The IV-D forum's **performance-tied incentives** (42 U.S.C. § 658a; 23 Pa.C.S. § 4373(c)) create a **pecuniary tilt** favoring collections, denying Plaintiff a **neutral decisionmaker**.

**Per-Count Remedy: Declaratory** and **injunctive** relief barring biased adjudication/enforcement **as applied to Plaintiff**.

**COUNT 7 — EXPEDITED-PROCESS DUE-PROCESS VIOLATIONS (AS-APPLIED)**
*(Fourteenth Amendment; 45 C.F.R. §§ 303.101(c)(2), 303.6)*
**Against: DRS Director (official capacity)**

40. Plaintiff incorporates ¶¶ 1–31(a).
**Elements:** (a) IV-D **expedited** procedure used against Plaintiff; (b) failure to **protect due-process rights** as required by **45 C.F.R. § 303.101(c)(2)** and **Turner**; (c) ongoing threat warranting prospective relief.

**Authorities:** 45 C.F.R. §§ **303.101(c)(2)**, **303.6**; *Turner v. Rogers*, 564 U.S. 431 (2011); **Mathews v. Eldridge**, 424 U.S. 319 (1976).

**How violated here:** Plaintiff faced expedited enforcement (¶¶ 27–31) with **no Turner safeguards** or equivalent procedural protections.

**Per-Count Remedy: Declaratory** and **injunctive** relief requiring **Turner-compliant** procedures and due-process protections before any contempt/penalty-type sanction is pursued against Plaintiff.

**COUNT 8 — ANTI-PEONAGE / INVOLUNTARY SERVITUDE (AS-APPLIED)**
*(Thirteenth Amendment; 42 U.S.C. § 1994)*
**Against: DRS Director (official capacity) for prospective relief; Officer Johnson (individual capacity) for damages, as facts support**

41. Plaintiff incorporates ¶¶ 1–31(a).
**Elements:** (a) **coercion** of service/labor/payment under color of law to satisfy a debt/obligation; (b) **absence of lawful adjudication** and required safeguards; (c) resulting confinement/threat of confinement.
**Authorities:** 42 U.S.C. § **1994**; *Clyatt v. United States*, 197 U.S. 207 (1905) (peonage defined); *Bailey v. Alabama*, 219 U.S. 219 (1911).

**How violated here:** Threatened incarceration and coercive sanctions to compel payments **without Turner**-compliant adjudication amounts to prohibited **peonage as applied** to Plaintiff.

**Per-Count Remedy: Prospective injunction** (official); **damages** (Johnson) as supported; costs/fees.

**COUNT 9 — PENNSYLVANIA CONSTITUTION (AS-APPLIED)**
*(Pa. Const. Art. I §§ 1, 6, 11; Separation of Powers)*
**Against: Sheriff (official capacity) and/or County of Lancaster**

42. Plaintiff incorporates ¶¶ 1–31(a).
**Elements:** (a) infringement of **inherent rights** (Art. I § 1), **jury** (Art. I § 6), and **open courts/due course of law** (Art. I § 11) via the challenged apparatus; (b) separation-of-powers violation under Pennsylvania constitutional structure.
**Authorities:** Pa. Const. Art. I §§ 1, 6, 11; *Commonwealth v. Sutley*, 378 A.2d 780 (Pa. 1977) (separation of powers); *Sweeney v. Tucker*, 375 A.2d 698 (Pa. 1977); *Commonwealth v. Mockaitis*, 834 A.2d 488 (Pa. 2003) (judicial power limits).

**How violated here:** As-applied use of the expedited apparatus to impose/coerce penalties denies Plaintiff Pennsylvania's jury and open-courts guarantees and upsets the Commonwealth's separation-of-powers allocation.

**Per-Count Remedy: Declaratory** and **injunctive** relief under Pennsylvania law paralleling the federal relief.

**PRESERVATION & DISCOVERY**

52. Defendants shall preserve and produce: **body-worn camera**; **arrest/booking/jail intake & release times**; any **warrant/affidavit/PC** paperwork; **DRS case logs**; **contempt notices/orders/transcripts**; **any intercept submissions** (identity/amount verification); **cooperative agreements** (45 C.F.R. § 302.34); **state-plan** materials (42 U.S.C. § 654); **incentive-payment and budget records** (42 U.S.C. § 658a; 23 Pa.C.S. § 4373(c)).
53. The requests in ¶52 expressly include all materials maintained or indexed under Lancaster County DRS **Docket No. 2023-00674** and/or **PACSES No. 548302071**, including recordings, notes, calendar entries, and electronic case-management data for those proceedings and any scheduled contempt/enforcement events.

## DAMAGES ALLEGATIONS

Plaintiff seeks **compensatory damages** for loss of liberty, emotional distress, humiliation, and **loss of familial association and companionship** (including missing **Mother's Day weekend, 12th of May 2024** while confined); **special damages** including other out-of-pocket losses (e.g., booking/impound/travel costs); **nominal damages** for procedural due-process violations (**Carey v. Piphus**, 435 U.S. 247 (1978)); and **punitive damages** against **Officer Johnson** for reckless or callous indifference to federally protected rights (**Smith v. Wade**, 461 U.S. 30 (1983)). Plaintiff does **not** seek punitive damages against the County (**City of Newport v. Fact Concerts**, 453 U.S. 247 (1981)). Plaintiff also seeks **pre- and post-judgment interest** (28 U.S.C. § 1961) and **attorney's fees and costs** (42 U.S.C. § 1988).

Plaintiff alleges that the government's seizure of his **person and liberty interests** without lawful process violated the **Fourth and Fourteenth Amendments'** protections and, to the extent

framed as a deprivation of property/liberty **"without just compensation,"** seeks redress via § 1983 damages.

Plaintiff also seeks damages for **coerced payments made under threat of incarceration**, the **impairment and suspension of his driver's license** (lost work opportunities and transportation costs), and the **lien/levy on his bank account** (foregone bill payments, fees, and financial disruption).

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully asks the Court to:

A. **DECLARE (as-applied)** that imposing or coercing **penalty-type consequences** against Plaintiff through the **expedited IV-D apparatus** is **unconstitutional and void as applied** unless adjudicated with constitutionally required protections (**Article III** and, where applicable, **jury**; or constitutional equivalent), and that any enforcement must provide **Turner** ability-to-pay safeguards and protect due-process rights required by **45 C.F.R. §§ 303.101(c)(2), 303.6**; and **DECLARE** that any **original order or sanctions** issued through the challenged Title IV-D apparatus are **void and unconstitutional as applied to Plaintiff** and **unenforceable** against him;

B. **ENJOIN (prospectively)** the **DRS Director** and **Sheriff** from any **future enforcement** against Plaintiff via the expedited apparatus **unless** those constitutional and regulatory protections are provided; **including, without limitation:** (i) **withdraw** any existing or pending **driver's license suspensions/holds** and any **passport-denial certifications** (including those under **42 U.S.C. § 652(k)**) as to Plaintiff and take all steps necessary to restore Plaintiff's passport eligibility and **reinstate Plaintiff's driving privileges**; (ii) **release and vacate** any **liens/levies/account holds** obtained or maintained **without** a constitutionally sufficient hearing and **Turner**-compliant findings; and (iii) **refrain** from initiating any future **license suspensions, passport certifications, liens, levies, or comparable enforcement** against Plaintiff **absent** the protections described above;

C. **AWARD DAMAGES** (compensatory and punitive) to Plaintiff against **Officer Johnson** (Counts 1–2; and Count 8 as supported) and **Monell** damages against the **County of Lancaster** (Count 3);

D. **AWARD COSTS & FEES** under **42 U.S.C. § 1988**; and

E. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands **trial by jury** on all issues so triable.

## VERIFICATION

I, **Jonathan: Francisco**, declare under penalty of perjury under the laws of the Divine that the facts stated in this Verified Complaint are true and correct to the best of my knowledge, information, and belief.

Executed on **the 6th day of October 2025**

Respectfully submitted,

By: Jonathan: Francisco

Jonathan: Francisco
Beneficiary

## EXHIBIT LIST

- **Ex. A — 8/30/2023** Order Signed by Joanne Murphy (Predetermined Arrears $2,009.89; "Member"/Payment Option; No Consent/Signature)
- **Ex. B — 9/21/2023** Order for Trial De Novo (Sets 2023-10-16 Hearing; No Service/Rescheduling Without Notice Alleged)
- **Ex. C —5/14/2024** Post-Arrest Order by Judge Todd Brown (Time Served; "Failure to Pay with Ability to Pay" Despite No Prior Adjudication)
- **Ex. D — 2/12/2025** Rescission Letter to DRS (Rescission of any presumed contract/obligation) (with proof of mailing/receipt)
- **Ex. E — 4/22/2025** Motion/Request for Discovery to DRS (Unanswered) (with proof of service)

United States District Court
Eastern District of Pennsylvania
Civil Action

| | |
|---|---|
| JONATHAN FRANCISCO,<br>Plaintiff, One of the People<br>V.<br><br>Director Gary Kline of DRS, et al.,<br>Defendants | Exhibit Table of Contents |

# Exhibit Table of Contents (A–E)

**Exhibit A** – (6 pages) **8/30/2023 Order Signed by Joanne Murphy** *(Predetermined Arrears $2,009.89; "Member"/Payment Option; No Consent/Signature)*

**Exhibit B** – (2 pgs) **9/21/2023 Order for Trial De Novo** *(Sets 2023-10-16 Hearing; No Service/Rescheduling Without Notice Alleged)*

**Exhibit C** – (3 pgs) **5/14/2024 Post-Arrest Order by Judge Todd Brown** *(Time Served; "Failure to Pay with Ability to Pay" Despite No Prior Adjudication)*

**Exhibit D** – (4 pgs) **2/12/2025 Rescission Letter to DRS** *(rescission of any presumed contract/obligation) — (include proof of mailing/receipt)*

**Exhibit E** – (8 pgs) **4/22/2025 Motion/Request for Discovery to DRS** *(unanswered) (include proof of service)*

Exhibit A.1

DOMESTIC RELATIONS SECTION
PO BOX 83479
LANCASTER PA 17608-3479

JONATHAN FRANCISCO
57 KURTZ RD
DENVER PA 17517

The Pennsylvania Child Support Program website provides a fast and easy way to access child support information, view case details and submit court documents to your county Domestic Relations Section. Please register at www.childsupport.state.pa.us where you can:

- Add or update your personal contact information (i.e. address, home and/or mobile telephone number, email, etc.)
- Change your password
- Update your communication preferences to either opt-in or opt-out of receiving correspondence by mobile telephone/text messaging and/or email (Note: to ensure email messages are delivered to your inbox, please add ra-pacses@pa.gov to your address book)
- Submit employment information and/or other new information regarding your support case
- Electronically submit court documents such as the Complaint for Support or Petition for Modification directly to your county Domestic Relations Section
- View specific child support case information including payment information, scheduled events (i.e. conferences, hearings, etc.) and docket information

Registered Child Support Program website users can update their information by selecting the link "I Would Like To Provide New Information" on their Child Support website profile. Additional information available on the website allows you to:

- Contact your county DRS
- Estimate your child support amount
- Access child support forms
- View frequently asked questions
- Learn how to establish paternity

You may be eligible for the Earned Income Tax Credit or EITC. The EITC is a special tax benefit for people who work full-time or part-time. For more information, look at the website www.irs.gov/eitc or call 1-800-829-1040.

## Payment Options:

- **Mail:** Check or money order payable to PA SCDU and include your name and PACSES member ID (listed below).

  PA SCDU
  P.O. Box 69110
  Harrisburg PA 17106-9110

- **Domestic Relations Office:** Money order, certified check, and cash are accepted in the Lancaster County Domestic Relations Office. A drop box is available when the payment window is closed. There is also a TouchPay kiosk available for cash, credit card, and debit card payments (a convenience fee is charged).

  150 N. Queen Street
  Suite 220
  Lancaster, PA 17603-3562

- **Online payments:**
  - **Bank Account:** Payments made by checking or savings account debit can be made at www.ExpertPay.com (There is no charge for payments made using this method). Allow seven days for the payment to be received by PA SCDU
  - **Debit Card/Credit Card/PayPal:** Payments using debit card, credit card, or PayPal can be made at www.ExpertPay.com. A convenience fee is charged for payments using these methods. Payments post the next business day.
- **Pay by phone:** You can call 1-800-955-2305 to make a credit card or debit card payment by phone (A convenience fee is charged).
- **MoneyGram:**
  - Payments made via cash at kiosks placed at select CVS, ACME, Walmart and Wegmans. (A processing fee of $3.99 is charged). Payment posts within 2-3 days. Member number is required (listed below)
  - Credit card payments made at www.moneygram.com (A convenience fee is charged depending on the amount of the payment). Payment posts within 2-3 days. Member number is required (listed below)
    - Online payments: Pay bills tab at top of page. Payments to be made to PA SCDU under other when searching (code #14677). *same code would apply when remitting payments via a store kiosk*
- **Bill pay:** You may visit your banking institution to establish electronic bill pay by presenting your 10 digit member identification number (listed below) and providing your banking institution with the SCDU address: PA SCDU, PO Box 69110, Harrisburg PA 17106.

## For additional information:

- **Domestic Relations Webpage on the Lancaster County Court website at:** www.court.co.lancaster.pa.us
- **Access your case information at:** www.childsupport.state.pa.us
- **Contact the Domestic Relations Office at:** Phone: 717-299-8141, press 1 then 0 Fax: 717-293-7270

Defendant's Name Jonathan Francisco Member Number 3486300262

A 2

42

A.3

**In the Court of Common Pleas of LANCASTER County, Pennsylvania**
**DOMESTIC RELATIONS SECTION**

| | | | |
|---|---|---|---|
| DELANEY J. HERTZOG | ) | Order Number: | 2023-0674 |
| Plaintiff | ) | PACSES Case Number: | 548302071 |
| vs. | ) | Docket Number: | 2023-00674 |
| JONATHAN FRANCISCO | ) | | |
| Defendant | ) | Other State ID Number: | |

## ORDER OF COURT - UNALLOCATED

○ **Final** ⦿ **Interim** ○ **Modified**

**AND NOW,** 30th DAY OF AUGUST, 2023, based upon the Court's determination that the Payee's monthly net income is $1,532.84 and the Payor's monthly net income is $2,447.60, it is hereby ordered that the Payor pay to the Pennsylvania State Collection and Disbursement Unit Six Hundred One and 03/100 Dollars ($601.03) a month payable monthly as follows: first payment due

immediately in the amount of $546.03 current support and $55.00 toward arrears. The effective date of the order is 04/21/23.

Arrears set at $2,009.89 as of AUGUST 29, 2023 are due in full IMMEDIATELY. All terms of this Order are subject to collection and/or enforcement by contempt proceedings, credit bureau reporting, tax refund offset certification, passport denial certification, driver's/professional/recreational license revocation, interception of lottery winnings, and the freeze and seize of financial assets. These enforcement/collection mechanisms will not be initiated as long as obligor does not owe overdue support. Failure to make each payment on time and in full will cause all arrears to become subject to immediate collection by all the means listed above.

For the Support of:

| Name | Birth Date |
|---|---|
| PRESLEY HOPE FRANCISCO (Paternity established) | 02/26/21 |

ENTERED AND FILED
2023 AUG 31 AM 9:[illegible]
DOMESTIC RELATIONS SECTION

Service Type M

Form OE-519 06/17
Worker ID 36156

43

 A.4



The defendant owes a total of $601.03 per month payable monthly; $546.03 for current support and $55.00 for arrears. The defendant must also pay fees/costs as indicated below.

Said money to be turned over by the Pa SCDU for distribution and disbursement in accordance with Rule 1910.17(d).

Payments must be made by check or money order. All checks and money orders must be made payable to Pa SCDU and mailed to:

Pa SCDU
P.O. Box 69110
Harrisburg, Pa 17106-9110

Payments must include the defendant's PACSES Member Number or Social Security Number in order to be processed. Do not send cash by mail.

The monthly support obligation includes cash medical support in the amount of $250 annually for unreimbursed medical expenses incurred for each child and/or spouse as ordered herein. Unreimbursed medical expenses of the obligee or children that exceed $250 annually shall be allocated between the parties. The party seeking allocation of unreimbursed medical expenses must provide documentation of expenses to the other party no later than March 31st of the year following the calendar year in which the final medical bill to be allocated was received. The unreimbursed medical expenses are to be paid as follows: 60.00% by defendant and 40.00% by plaintiff.

☒ Both parties are ordered to provide medical insurance if/when available at a reasonable cost.

☐ Either party is ordered to provide medical insurance coverage. However, insurance is unavailable at a reasonable cost. Plaintiff is ordered to apply for publicly-funded health coverage such as CHIP.

Within thirty (30) days after the entry of this order, the ☐ Plaintiff ☐ Defendant shall submit to the other party and to the Domestic Relations Section written proof that medical insurance coverage has been obtained or that application for coverage has been made. Proof of coverage shall consist, at a minimum, of : 1) the name of the health care coverage provider(s); 2) any applicable identification numbers; 3) any cards evidencing coverage; 4) the address to which claims should be made; 5) a description of any restrictions on usage, such as prior approval for hospital admissions, and the manner of obtaining approval; 6) a copy of the benefit booklet or coverage contract; 7) a description of all deductibles and co-payments; and 8) five copies of any claim forms.

SCANNED



44

A5

HERTZOG v. FRANCISCO PACSES Case Number: 548302071

## Other Conditions:

Either party to provide medical coverage if it becomes available at a reasonable cost.
Defendant to pay $5.00 per month toward fees.
Defendant to receive credit in the amount of $432.00 for direct payments made to Plaintiff since date of filing.

Defendant shall pay the following fees:

| Fee Total | Fee Description | Payment Frequency | |
|---|---|---|---|
| $ 19.00 | for JUDICIAL COMPUTER FEE | Payable at $2.00 | per MONTH |
| $ 59.25 | for GENETIC TEST FEE | Payable at $3.00 | per MONTH |
| $ | for | Payable at $ | per |
| $ | for | Payable at $ | per |
| $ | for | Payable at $ | per |



45

A.6

HERTZOG v. FRANCISCO PACSES Case Number: 548302071

## IMPORTANT LEGAL NOTICE

PARTIES MUST WITHIN SEVEN DAYS INFORM THE DOMESTIC RELATIONS SECTION AND THE OTHER PARTIES, IN WRITING, OF ANY MATERIAL CHANGE IN CIRCUMSTANCES RELEVANT TO THE LEVEL OF SUPPORT OR THE ADMINISTRATION OF THE SUPPORT ORDER, INCLUDING, BUT NOT LIMITED TO, LOSS OR CHANGE OF INCOME OR EMPLOYMENT AND CHANGE OF PERSONAL ADDRESS OR CHANGE OF ADDRESS OF ANY CHILD RECEIVING SUPPORT. A PARTY WHO WILLFULLY FAILS TO REPORT A MATERIAL CHANGE IN CIRCUMSTANCES MAY BE ADJUDGED IN CONTEMPT OF COURT, AND MAY BE FINED OR IMPRISONED.

PENNSYLVANIA LAW PROVIDES THAT ALL SUPPORT ORDERS SHALL BE REVIEWED AT LEAST ONCE EVERY THREE (3) YEARS IF SUCH REVIEW IS REQUESTED BY ONE OF THE PARTIES. IF YOU WISH TO REQUEST A REVIEW AND ADJUSTMENT OF YOUR ORDER, YOU MUST DO THE FOLLOWING: CALL YOUR ATTORNEY. AN UNREPRESENTED PERSON WHO WANTS TO MODIFY (ADJUST) A SUPPORT ORDER SHOULD CONTACT THE DOMESTIC RELATIONS SECTION.

ALL CHARGING ORDERS FOR SPOUSAL SUPPORT AND ALIMONY PENDENTE LITE, INCLUDING UNALLOCATED ORDERS FOR CHILD AND SPOUSAL SUPPORT OR CHILD SUPPORT AND ALIMONY PENDENTE LITE, SHALL TERMINATE UPON DEATH OF THE PAYEE.

A MANDATORY INCOME ATTACHMENT WILL ISSUE UNLESS THE DEFENDANT IS NOT IN ARREARS IN PAYMENT IN AN AMOUNT EQUAL TO OR GREATER THAN ONE MONTH'S SUPPORT OBLIGATION AND (1) THE COURT FINDS THAT THERE IS GOOD CAUSE NOT TO REQUIRE IMMEDIATE INCOME WITHHOLDING; OR (2) A WRITTEN AGREEMENT IS REACHED BETWEEN THE PARTIES WHICH PROVIDES FOR AN ALTERNATE ARRANGEMENT.

UNPAID ARREARAGE BALANCES MAY BE REPORTED TO CREDIT AGENCIES. ON AND AFTER THE DATE IT IS DUE, EACH UNPAID SUPPORT PAYMENT SHALL CONSTITUTE, BY OPERATION OF LAW, A JUDGMENT AGAINST YOU, AS WELL AS A LIEN AGAINST REAL PROPERTY .

IT IS FURTHER ORDERED that, upon payor's failure to comply with this order, payor may be arrested and brought before the Court for a Contempt hearing; payor's wages, salary, commissions, and/or income may be attached in accordance with law; this Order will be increased without further hearing by 20% a month until all arrearages are paid in full. Payor is responsible for court costs and fees.

Copies delivered to parties :__________________.
Date

Consented:

| | |
|---|---|
| Plaintiff | Plaintiff's Attorney |
| Defendant | Defendant's Attorney |

**BY THE COURT:**

30th DAY OF AUGUST, 2023
Date

J. Anne Murphy
Judge

Service Type M



Form OE-519 06/17
Worker ID 36156

SCANNED

.46

Exhibit B.1

In the Court of Common Pleas of LANCASTER County, Pennsylvania
DOMESTIC RELATIONS SECTION

| | |
|---|---|
| DELANEY J. HERTZOG<br>Plaintiff<br>vs.<br>JONATHAN FRANCISCO<br>Defendant | ) Docket Number 2023-00674<br>)<br>) PACSES Case Number: 548302071<br>)<br>) Other State ID Number: |

## ORDER FOR COURT HEARING

**AND NOW**, this 21ST DAY OF SEPTEMBER, 2023 Defendant has filed an appeal to the Court's Order of August 30, 2023, and demand has been made for a hearing before the Court.

It is therefore hereby Ordered that both parties appear before the Court on the 16TH DAY OF OCTOBER, 2023 at 9:00AM COURTROOM TBA for a hearing in this matter.

If ordered to appear in person, the address is:

C/O LANCASTER CO COURTHOUSE, 50 N DUKE ST, LANCASTER, PA 17602

You are further required to bring to the hearing:

1. A true copy of your most recent Federal Income Tax Return, including W-2s, as filed;
2. Your pay stubs for the preceding six (6) months;
3. The Income Statement and the appropriate Expense Statement, if required, attached to this order, completed as required by Rule 1910.11 (c);
4. Net income from business or dealings in property;
5. All business tax returns with all schedules and attachments, if applicable;
6. Verification of child care expenses;
7. Proof of medical coverage which you may have, or may have available to you;
8. If a physician has determined that a medical condition affects your ability to earn income you must obtain a Physician Verification Form from the domestic relations section, sign it, have it completed by your doctor, and bring it with you to the conference.

   If you intend to offer the Physician Verification Form as evidence at any record proceeding, you must comply with the timeframes established by PA Rule of Civil Procedure 1910.29(b)(2);
9. Information relating to professional licenses; and.
10. Other:

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

Service Type M

Form DE-316 06/22
Worker ID 36305

51

B.2



If you fail to appear for the hearing or to bring the required documents, the court may issue a warrant for your arrest or enter an order in your absence.

THE TRIER OF FACT SHALL ENTER AN APPROPRIATE CHILD SUPPORT ORDER BASED UPON THE EVIDENCE PRESENTED, WITHOUT REGARD TO WHICH PARTY INITIATED THE SUPPORT ACTION. THE DETERMINATION OF WHICH PARTY WILL BE THE OBLIGEE AND WHICH WILL BE THE OBLIGOR WILL BE MADE BY THE TRIER OF FACT BASED UPON THE RESPECTIVE INCOMES OF THE PARTIES, CONSISTENT WITH THE SUPPORT GUIDELINES AND EXISTING LAW, AND THE CUSTODIAL ARRANGEMENTS AT THE TIME OF THE INITIAL OR SUBSEQUENT CONFERENCE, HEARING, OR TRIAL. IF SUPPORTED BY THE EVIDENCE, THE PARTY NAMED AS THE DEFENDANT IN THE INITIAL PLEADING MAY BE DEEMED TO BE THE OBLIGEE, EVEN IF THAT PARTY DID NOT FILE A COMPLAINT FOR SUPPORT.

**BY THE COURT:**

Date of Order: SEPTEMBER 21, 2023 *PER CURIAM*

**JUDGE**

**YOU HAVE THE RIGHT TO A LAWYER, WHO MAY ATTEND THE CONFERENCE-HEARING AND REPRESENT YOU. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

DISTRICT COURT OFFICE
50 N DUKE ST
LANCASTER PA 17602-2805-50
(717) 295-3584

AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas of LANCASTER County is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact our office at: (717) 299-8141. All arrangements must be made at least 72 hours prior to any hearing or business before the court. You must attend the scheduled hearing.



.55

Exhibit C.1

**In the Court of Common Pleas of LANCASTER County, Pennsylvania**
**DOMESTIC RELATIONS SECTION**

| | |
|---|---|
| DELANEY J. HERTZOG Plaintiff | ) Docket Number: 2023-00674 |
| vs. | ) |
| | ) PACSES Case Number: 548302071 |
| JONATHAN FRANCISCO Defendant | ) |
| | ) Other State ID Number: |

## ORDER OF COURT

○ Recommended ○ Interim ◉ Final

**AND NOW,** this 13TH DAY OF MAY, 2024 **IT IS HEREBY ORDERED**

that the:

○ Respondent,JONATHAN FRANCISCO, is not found to be in contempt.

◉ case is continued and it is ordered and directed as follows: this case shall be listed for further hearing by this Court on June 24, 2024, at 1:30pm. Respondent in this case is:

JONATHAN FRANCISCO

**Courtroom to be announced**

At the above scheduled proceeding, contempt may be dismissed, new and/or modified purge conditions may be imposed or incarceration recommended for the defendant. If the plaintiff fails to appear, the Court will proceed with the case and enter an appropriate order. **The parties are to remain until dismissed by the Court.**

YOU ARE REQUIRED TO BRING:
- Cash, credit card in your name, cashier/bank check or money order payable to DOMESTIC RELATIONS SECTION. **Contact your local DRS before the hearing date to verify which of the payment methods listed above are accepted.**
- Most recent pay stubs for any and all employers.
- Payroll address, phone #, fax # and contact person.
- Proof of medical coverage.
- Any other documentation relevant to your case and the issue of contempt as stated in the petition.

Service Type M

Form EN-546 12/16
Worker ID 36558

-01.194

 C.2

HERTZOG v. FRANCISCO PACSES Case Number: 548302071

○ Respondent, JONATHAN FRANCISCO, is found in contempt and is ordered and directed as follows:

☐ Respondent shall pay a lump sum payment* of:

☐ Respondent shall pay per terms of the modified support order.

***All lump sum payments must be by money order, certified check, or cash.**

☒ Special Provisions:

For failure to appear after being served by regular mail on November 6, 2023, the Defendant is committed to the Lancaster County Prison for a period of time served. For failure to pay while having the ability to pay, the Court finds the Defendant in contempt and the underlying contempt petition is continued to a contempt hearing on June 24, 2024 at 1:30pm. Defendant personally served in the Courtroom. Defendant to remit a payment in the amount of $50.00 by 4:00pm on May 31, 2024. Failure to remit said payment to be addressed at contempt court hearing on June 24, 2024. All monthly payments to be made within the month due. Defendant to report any changes in circumstances, including address and employment to DRS within 7 days. Bench warrant executed. Defendant was represented by Patrick Manley, APD.

Effective: May 13, 2024

BY THE COURT:

[signature]

JUDGE

5/13/24

Date

SCANNED

C.3

**In the Court of Common Pleas of Lancaster County, Pennsylvania**
**DOMESTIC RELATIONS SECTION**

D. Hertzog
Plaintiff

vs.

J. Francisco
Defendant

) Docket Number 23-0674

) PACSES Case Number 548302071

) Other State ID Number ______________

## ORDER OF COURT

**Legal proceedings have been brought against you alleging you have willfully disobeyed an Order of Court.**

1. A critical issue in the contempt proceeding is your ability to pay and comply with terms of the support order. If you wish to defend against the claim set forth in the following pages, you may, but are not required to, file in writing with the Court your defenses or objections.

2. You, Jonathan Francisco, Respondent, must appear in person in court on June 24th, at 1:30 pm, in Courtroom # TBA.

**IF YOU DO NOT APPEAR IN PERSON, THE COURT MAY ISSUE A WARRANT FOR YOUR ARREST AND YOU MAY BE COMMITTED TO JAIL.**

3. If the Court finds that you have willfully failed to comply with its order you may be found to be in contempt of court and committed to jail, fined, or both.

AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas of Lancaster County is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact our office at: (717) 299-8141. All arrangements must be made at least 72 hours prior to any hearing or business before the court. You must attend the scheduled conference/hearing.

## NOTICE TO DEFENDANT

**You have the right to have a lawyer attend the hearing with you and represent you. If you have a lawyer, it is your responsibility to have your lawyer present at the hearing. If you do not have a lawyer and you wish to be represented by a lawyer, show up 30 minutes ahead of your hearing time at the designated courtroom and tell the Public Defender present that you wish to have legal representation.**

**BY THE COURT:**

Date of Order: 5.13.24

PER CURIAM
**JUDGE**

DR-EN008C

-01.187

D1

FEB 14 2025

LANCASTER COUNTY
DOMESTIC RELATIONS

Jonathan Francisco
C/O PO Box 3
Reamstown, Pa 17567

10th of February 2025

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
Domestic Relation Section

| | |
|---|---|
| DELANEY J. HERTZOG, Plaintiff | Docket Number: 2023-00674 |
| | PACSES Number: 548302071 |
| V. | |
| JONATHAN FRANCISCO, Defendant | Notice of Recission |

**RE: Notice of Rescission of Contractual Obligation to Child Support**

Dear Domestic Relations,

This letter serves as **formal notice of rescission** regarding any purported contractual obligation concerning child support, whether entered into voluntarily or involuntarily, based on the following legal and constitutional grounds:

1. **Lack of Full Disclosure** – There was no full disclosure of the legal consequences, financial incentives received by the state under Title IV-D of the Social Security Act (42 U.S.C. § 658a), nor the rights and obligations that arise from such agreements. As held in *Blessing v. Freestone*, Title IV-D serves the financial interest of the state, not the child or parent. This creates a conflict of interest that was not disclosed at the time of enforcement.
2. **Lack of Consideration** – A valid contract requires lawful consideration from both parties. There was no lawful or equitable exchange of consideration between myself and the state. Any purported agreement was made under coercion, duress, or implied threat of incarceration, which invalidates any assumption of a binding agreement.
3. **Lack of Meeting of the Minds** – No mutual agreement was reached between myself and the state, as any alleged contract was one of adhesion, imposed unilaterally by administrative courts under the financial incentives of Title IV-D funding. The Supreme Court has established that **fundamental parental rights are protected under the Fifth and Fourteenth Amendments**, and any interference requires strict scrutiny.
4. **Failure to Determine Custodial vs. Noncustodial Parent** – At no point was a determination made as to who was the custodial and noncustodial parent. The father never waived his rights and made claims regarding parental rights. The state's failure to establish this distinction resulted in an unjust and arbitrary enforcement of child support obligations without due process.
5. **Violation of Due Process & Equal Protection** – The enforcement of child support, including but not limited to obligation enforcement through court orders without the ability to pay, license suspensions, and incarceration, has been conducted without proper due process. Furthermore, there exists an unequal application of law where the mother face no penalties for interference with communication & visitation, while father face severe penalties for not having the ability to pay.
6. **Violation of the Truth in Lending Act (TILA) (15 U.S.C. § 1601 et seq.)** – The state and child support enforcement agencies have failed to comply with TILA by not providing a clear and conspicuous disclosure of the terms and financial implications of child support obligations. Under TILA, any agreement involving financial obligations must disclose essential credit terms, including interest rates, fees, and

D. 2

payment schedules. The lack of these disclosures constitutes a material violation, making any alleged contract null and void.

7. **Obligations Redeemable in Lawful Money** – Any obligation owed by me shall be redeemable for lawful money pursuant to 12 U.S.C. § 411 in full Accord & Satisfaction. Furthermore, such obligations are the responsibility of the United States Treasury as per 18 U.S.C. § 8. Any failure to recognize this legal requirement constitutes a violation of federal law and invalidates any claim to enforce the obligation under unconstitutional terms and is Void AB Initio.
8. **Relevant Case Law Supporting Rescission**:
    - *Holmberg v. Holmberg, 588 N.W.2d 720 (Minn. 1999)* – This case highlights the importance of procedural safeguards and fairness in the enforcement of child support, emphasizing the constitutional rights of parents.
    - *Alexander v. Bosworth, 571 F. Supp. 2d 1364 (D. Colo. 2008)* – This case demonstrates the necessity for due process and the invalidation of actions taken without proper jurisdiction and adherence to legal standards.
    - **Chevron Deference Doctrine** – The deference given to administrative agencies under this doctrine should not apply when fundamental rights are at stake, as in the case of child support enforcement, requiring strict judicial scrutiny rather than reliance on agency interpretations.
    - *Hale v. Henkel, 201 U.S. 43 (1906)* – This case establishes that the individual has rights that cannot be overridden by the state without due process, underscoring the protection of personal liberty from arbitrary government action.
    - *Elliot v. Piersol, 26 U.S. 328, 340 (1828)* – This case affirms that judgments made by courts without proper jurisdiction are null and void, directly challenging the legitimacy of administrative court rulings in child support cases.

**DEMAND FOR REMEDY:**

Based on the above legal and constitutional violations, I hereby rescind any and all contracts, agreements, or obligations purportedly binding me to the child support system and demand the following:

- Immediate cessation of any and all liens, license suspensions, passport liens, bank liens or other enforcement measures.
- Full disclosure of all Title IV-D financial incentives received by the state in relation to my case.
- A full accounting of all funds collected and disbursed.
- Transfer of any disputes to an Article III constitutional court with full due process protections, including the right to a jury trial pursuant to 28 U.S.C. 1441.

Please respond within **(10 days)** of receipt of this notice confirming compliance with this rescission. Failure to respond will be considered tacit agreement to the claims made herein. This notice is issued under **UCC 1-308 (Reservation of Rights) and UCC 3-501 (Refusal of Unenforceable Instruments)** and serves as lawful notice that I do not consent to any further administrative enforcement actions absent due process and constitutional compliance.

Notice to agent is notice to principal, Notice to principal is notice to agent

Respectfully submitted,

By: [signature]

Jonathan Francisco
Grantor-Beneficiary
Registered Owner

D 3

## CERTIFICATE OF SERVICE

Documents: Notice of recission, Petition for Modification, DOJ Dear Colleague Letter (2023)

I hereby certify that a copy of the foregoing has been served upon the following persons of record by hand or mail or email this day of February 12, 2025:

Presiding Clerk
Domestic Relations Section
150 North Queen Street
Suite 220
Lancaster, Pa 17603

Certified Mail Tracking: 9589 0710 5270 0711 6238 47

Delaney J Hertzog
[ADDRESS CONFIDENTIAL]

Certificate of Mailing

CC. Prothonotary Clerk

By my Hand or Mail:
Jonathan, Family of the Francisco
**Sui Juris**
[ADDRESS CONFIDENTIAL]

I, Jonathan of the Francisco Family, known to me to be the natural man described herein, who makes oath under the Laws of the Most High God and in accordance with the Maxims of Equity, declares that every statement given above is the whole truth to the best of his knowledge and experience.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 12, 2025

By: [signature]

D.4

Document: Notice of Recission, Petition for Modification, DOJ Dear Colleague letter (2023)
Date Sent: 2/12/25 Date Recieved: 2/14/2025
To whom: Domestic Relations Section
Certified Mail Tracking #: 9589 0710 5270 0711 6238 47

9589 0710 5270 0711 6238 47

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Lancaster, PA 17603

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee $4.85 | 0567 |
| $ $4.10 | USPS 20 |
| Extra Services & Fees (check box, add fee as appropriate) | Postmark Here |
| ☐ Return Receipt (hardcopy) $ $0.00 | |
| ☐ Return Receipt (electronic) $ $0.00 | |
| ☐ Certified Mail Restricted Delivery $ $0.00 | |
| ☐ Adult Signature Required $ $0.00 | FEB 12 2025 |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $ $2.87 | 02/12/2025 |
| Total Postage and Fees $ $11.82 | |

Sent To DRS — Notice of Recission Petition for Mod

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

Return Receipt Tracking #: 9590 9402 8512 3186 0550 28

E.1

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW
Domestic Relations Section

| | | |
|---|---|---|
| JONATHAN FRANCISCO<br>Petitioner,<br>v.<br>DELANEY J. HERTZOG<br>Respondent, | : | Docket No.: 2023-00674<br><br>PACSES No.: 548302071<br><br>Notice |

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL AND NOTICE TO PRINCIPAL IS NOTICE TO AGENT**

**RE:** Continuing Violations of Rights under the Pennsylvania Constitution

This Notice is hereby presented in good faith and with due respect to all parties involved. The undersigned, Jonathan Francisco, hereby gives **formal Notice to the Pennsylvania Attorney General's Office**, its agents, representatives, subordinates, and all affiliated public officials, officers, and agencies acting under color of law, regarding ongoing and repeated violations of constitutionally protected rights.
Pursuant to the legal maxim:
**"Notice to agent is notice to principal, and notice to principal is notice to agent,"** —this notice applies to all involved. Once received by any agent, officer, or public servant, the **entire Office and its leadership are deemed to have received legal notice.** Silence or inaction after such notice may constitute acquiescence or willful neglect.

**BASIS OF NOTICE**

This notice is based on continued violations of rights guaranteed under the **Pennsylvania Constitution**, specifically:

- **Article I, Section 1** – Inherent rights of mankind (life, liberty, property, pursuit of happiness);
- **Article I, Section 8** – Security from unreasonable searches and seizures;
- **Article I, Section 6** – Right to trial by jury;
- **Article I, Section 11** – Remedy by due course of law;
- **Article I, Section 26** – No discrimination by the Commonwealth;
- **Article V, Section 1** – Judicial power exclusively vested in courts of law;
- **Article VI, Section 3** – Oath of office requirement for public officers.

The undersigned has raised, in multiple filings, substantial concerns regarding the enforcement of administrative proceedings in the Domestic Relations Division without proper judicial oversight, jurisdiction, verified complaint, or injury in fact. These proceedings amount to deprivations of liberty and property interests, including threats of incarceration and asset seizure, without due process of law.

E 2

## ! NOTICE OF LIABILITY

You are now on **official notice**. Should your office **fail to intervene, investigate, or provide oversight**, such omission may give rise to liability under Pennsylvania tort law, including:

- **Negligence and gross negligence**,
- **Failure to supervise and correct subordinate misconduct**,
- **Violation of oath of office**, and
- **Color of law deprivation of protected rights**.

This is not a threat, but a lawful declaration preserving rights, creating a record of notice, and placing responsibility where it lawfully belongs.

## REQUEST FOR CORRECTIVE ACTION

I respectfully request that your office:

1. Acknowledge receipt of this Notice;
2. Initiate a formal review or investigation into the conduct of the Lancaster County Domestic Relations Section;
3. Ensure that future proceedings comply fully with the Pennsylvania Constitution and rules of civil and judicial procedure.

Any continued enforcement of constitutionally void and jurisdictionally defective actions after receipt of this Notice may serve as **evidence of conscious disregard, bad faith, or institutional indifference**, and will be presented as such in any judicial or administrative forum.

Respectfully,
By:

Jonathan Francisco
All Rights Reserved

E.3

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**
**Domestic Relations Section**

| | |
|---|---|
| JONATHAN FRANCISCO | : Docket No.: 2023-00674 |
| Petitioner, | : |
| v. | : PACSES No.: 548302071 |
| DELANEY J. HERTZOG | : |
| Respondent, | : Motion for Discovery |

**MOTION FOR DISCOVERY**
**TO DETERMINE STANDING, AUTHORITY, AND JURISDICTION**
AND TO COMPEL CERTIFIED COPIES OF UNDERLYING RECORDS

COMES NOW, Jonathan Francisco, a sovereign man and the named party in the above-captioned matter, and respectfully moves this Honorable Court to compel the production of documentary evidence necessary to establish standing, jurisdiction, and lawful authority. This Motion is made pursuant to the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. 4001 et seq., Rule 73 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 636(c). In support thereof, Movant states as follows:

## I. REQUESTED DISCOVERY MATERIALS

Movant respectfully requests that the Court compel the opposing party and/or Domestic Relations Section to produce certified copies of the following:

1. **Verified Complaint or Petition** that lawfully initiated this action;
2. **Summons** and proof of issuance or waiver of summons, if applicable;
3. **Proof of Proper Service** upon Movant, with return of service filed with the court;
4. **Default Judgment Entry and Final Judgment Order**, including judge's name, date, and signature, if any such order exists;
5. **Contractual or Statutory Authority** being relied upon by the Domestic Relations Section or Court to bring and enforce this action (i.e., Title IV-D contract, signed agreement, or statutory delegation of authority);
6. **Proof of Injury in Fact** by the alleged Plaintiff (Delaney), establishing standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992);
7. **Identification of the Real Party in Interest,** if the named plaintiff (Delaney) is not the actual party filing the petitions or enforcing support orders;
8. **Evidence of Judicial Consent to Magistrate Authority**, including documentation showing that Movant was informed and voluntarily consented to a magistrate or hearing officer pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c);
9. **Waiver of Right to Trial by Jury**, or documentation that a jury trial was offered or lawfully waived.

## II. GROUNDS FOR DISCOVERY

E.4

1. Under the due process protections of the **5th and 14th Amendments**, no person may be deprived of liberty or property without proper notice, lawful authority, and an opportunity to be heard before a neutral judicial officer.
2. The **Supreme Court** has repeatedly held that standing requires a concrete, particularized **injury in fact**, traceable to the conduct at issue (*Lujan*, 504 U.S. at 560). Without this, a case must be dismissed for lack of subject matter jurisdiction.
3. If no verified complaint or summons exists, or if no injury has been alleged by a real party in interest, then this case is **void ab initio** pursuant to *Norton v. Shelby County*, 118 U.S. 425 (1886) and *Marbury v. Madison*, 5 U.S. 137 (1803).
4. Domestic Relations may not lawfully assert prosecutorial or judicial authority without a valid oath of office or express delegation of judicial power under **Article V of the Pennsylvania Constitution.**
5. Any enforcement action taken without the presence of judicial oversight and due process violates **Separation of Powers** and may be considered administrative overreach.
6. Pursuant to **Pa.R.C.P. 208.4(a)(2)**, motions which involve "jurisdiction of the court" and "lack of a complaint" are **entitled to expedited judicial determination**.
7. Delay in ruling on this discovery motion is causing **irreparable financial and constitutional harm**, including interference with work, threats of incarceration, and the inability to support the child at issue—outcomes not in the best interest of any party or child.

**III. PRAYER FOR RELIEF**

WHEREFORE, Movant respectfully requests that this Honorable Court issue an Order compelling the production of the above-listed documents and:

- Staying any enforcement actions until proper jurisdiction and standing are established;
- Holding an evidentiary hearing on the issue of standing and judicial authority;
- That this Honorable Court treat this motion as a matter of **urgent judicial determination** under **Pa.R.C.P. 208.4** and local court policy;
- That failure to produce the above requested materials be deemed as **admissions by default** under Pa.R.C.P. 4014;
- Granting any such other relief as this Court deems just and appropriate in law or equity.

**VERIFICATION**

I, Jonathan Francisco, verify that the facts contained in the foregoing Motion for Discovery are true and correct to the best of my knowledge and belief. This verification is made pursuant to 18 Pa.C.S. § 4904 (unsworn falsification to authorities).

**Respectfully submitted,**

**By:** [signature]

Jonathan Francisco
All Rights Reserved

E.5

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**
**Domestic Relations Section**

| | |
|---|---|
| JONATHAN FRANCISCO<br>Petitioner, Alleged Defendent | : Docket No.: 2023-00674<br>: |
| v. | : PACSES No.: 548302071 |
| DELANEY J. HERTZOG<br>Respondent, | :<br>: Interrogatories |

**DEFENDANT'S FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF OR DOMESTIC RELATIONS SECTION**

Pursuant to Pa.R.C.P. 4005 and related discovery provisions, Petitioner hereby propounds the following interrogatories to be answered **under oath and in writing** within **thirty (30) days** of service, in accordance with the Pennsylvania Rules of Civil Procedure.

**INTERROGATORIES:**

1. **Identify the individual(s), agency, or entity initiating this action**, and state whether they are the actual plaintiff, a third-party enforcer, or an administrative agent.
2. **State whether a verified complaint** or signed petition was ever filed in this matter and attach a certified copy if so.
3. **Provide the legal basis or statutory authority** under which this action was initiated and enforced. Cite all applicable federal or state statutes or contracts.
4. **Identify whether a valid contract exists between Defendant and the Domestic Relations Section** under which services are being administered. If so, provide a copy.
5. **Identify whether Plaintiff (Delaney)** or any other party has alleged or suffered a legally cognizable **injury in fact**, and provide documentation or evidence supporting that injury.
6. **State whether a summons was issued, served, and filed with the court**, and provide dates, names of service agents, and a certified copy of return of service.
7. **Was a judicial hearing ever scheduled or conducted** before a judge in open court? If yes, identify the judicial officer and provide date and outcome.
8. **Has Defendant ever been given the opportunity to consent or refuse consent** to adjudication by a magistrate or hearing officer pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c)? Provide records of notice and waiver or consent.
9. **Provide any and all records** showing the existence of a default judgment, administrative order, or contempt order entered against Defendant, including the judicial authority issuing such order.
10. **Identify the financial, custodial, or legal interest** of the Domestic Relations Section in the outcome of this case.

11. **Explain whether the Domestic Relations Section acts in a judicial, executive, or administrative capacity** in these proceedings, and whether its officers have filed oaths of office pursuant to Pennsylvania law.
12. **Identify all persons, agencies, or attorneys involved** in initiating, prosecuting, enforcing, or adjudicating the claims in this matter and their respective roles.
13. **State whether any state or federal funding** under Title IV-D of the Social Security Act is being sought, granted, or used in connection with this case.
14. **If this case was initiated under Title IV-D**, provide the IV-D case number, all related documentation, and the application or referral for services under that title.
15. **Confirm whether Plaintiff or any agency is a real party in interest**, or if the action is being prosecuted by an agent on behalf of another entity.

**INSTRUCTIONS:**

- Each response must be full, complete, and under oath.
- If you object, state the grounds for each objection with specificity.
- You are under a continuing duty to supplement your responses if facts change.

Respectfully submitted,
By:

Jonathan Francisco
All Rights Reserved
Grantor/Beneficiary
Registered Owner
Propria persona

E.7

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA**
**CERTIFICATE OF SERVICE**

**Documents:** Motion For Discovery, Interrogatories, motion to stay enforcement, Proposed Orders (stay & Discovery)
**Docket No**.: 2023-00674 **PACSES NO**.: 548302071

I hereby certify that a copy of the foregoing has been served upon the following persons of record by hand or mail or email this day of April 22, 2025:

**Domestic Relations Section** **Certified Mail Tracking**: 9589 0710 5270 1393 5609 25
And All successor and assignee's
150 North Queen Street
Suite 220
Lancaster, Pa 17603

**Delaney J. Hertzog** **Certified Mail Tracking:** 9589 0710 5270 1393 5609 32
402 W. Marion st
Lititz, Pa 17543

**CC:** AG David Sunday
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120

Prothonotary Clerk
50 North Duke Street
P.O. Box 83480
Lancaster, Pa 17608

County DA Heather Adams
Lancaster County Courthouse
50 N Duke St, 5th Floor
Lancaster, PA 17608

By my Mail:
Jonathan, Family of the Francisco
**Sui Juris**
C/O PO Box 3
Reamstown, Pennsylvania (17567)

I, Jonathan of the Francisco Family, known to me to be the natural man described herein, who makes oath under the Laws of the Most High God and in accordance with the Maxims of Equity, declares that every statement given above is the whole truth to the best of his knowledge and experience.
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 4/22/2025.
By: [signature]

E 8

Document: Motion for Discovery, Interrogatories, motion to stay, Proposed Orders
Date Sent: 4/22/25 Date Received: 4/24/2025
To whom: Domestic Relations
Certified Mail Tracking #: 9589 0710 5270 1393 5609 25

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

9589 0710 5270 1393 5609 25

For delivery information, visit our website at www.usps.com®.

Lancaster, PA 17603

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee $4.85 | 0567 |
| $ $4.10 | 20 |
| Extra Services & Fees (check box, add fee as appropriate) | Postmark Here |
| ☐ Return Receipt (hardcopy) $ $0.00 | |
| ☐ Return Receipt (electronic) $ $0.00 | |
| ☐ Certified Mail Restricted Delivery $ $0.00 | APR 22 2025 |
| ☐ Adult Signature Required $ $0.00 | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $1.01 | 04/22/2025 |
| $ | |
| Total Postage and Fees $9.96 | |
| $ | |

Sent To: Domestic Relation — Rels Discovery
Street and Apt. No., or PO Box No.: 150 N. Queen St. Suite 220
City, State, ZIP+4®: Lancaster, PA 17603

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

Return Receipt Tracking #: 9590 9402 8512 3186 0638 94

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Domestic Relations Section
150 N. Queen Street
Suite 220
Lancaster, PA 17603

9590 9402 8512 3186 0638 94

2. Article Number (Transfer from service label)
9589 0710 5270 1393 5609 25

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Stan Thomas ☑ Agent ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery 4/24/25

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

Jonathan Francisco
*Plaintiff(s)*

v.

Officer Shane Johnson, in his individual Capacity; County of Lancaster, PA; Sheriff of Lancaster County, in his official Capacity, Director of Lancaster County Domestic Relations Section, in his official Capacity
*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Officer Shane Johnson
C/O East Cocalico Township Police Dept
100 Hill Rd
Denver, PA 17517

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan : Francisco/Pro Per
C/O PO BOX 3
Reamstown, PA (17567)

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: __________

__________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

Jonathan Francisco
*Plaintiff(s)*

v.

Officer Shane Johnson, in his individual Capacity, County of Lancaster, PA; Sheriff of Lancaster County, in his official Capacity, Director of Lancaster County Domestic Relations Section, in his official Capacity
*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
County of Lancaster, Pennsylvania
C/O Office of the County Commissioners - Chief Clerk
150 N. Queen st, Suite 715
Lancaster, PA 17603

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan: Francisco/Pro Per
C/O PO BOX 3
Reamstown, PA (17567)

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

Jonathan Francisco
*Plaintiff(s)*

v.

Officer Shawn Johnson, in his individual Capacity; County of Lancaster, PA; Sheriff of Lancaster County, in his official Capacity, Director of Lancaster County Domestic Relations Section, in his official Capacity
*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Sheriff of Lancaster County (Official Capacity)
Lancaster County Sheriff's Office
50 N. Duke St
Lancaster, PA 17602

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan: Francisco/Pro Per
C/O PO BOX 3
Reamstown, PA (17567)

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: ______________

______________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

Jonathan Francisco
*Plaintiff(s)*

v.

Officer Shane Johnson, in his individual capacity; County of Lancaster, PA; Sheriff of Lancaster County, in his official capacity, Director of Lancaster County Domestic Relations Section, in his official capacity
*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Director Gary Kline, Lancaster County
Domestic Relations Section (official capacity)
Office of Domestic Relations
150 N. Queen St. Suite 220
Lancaster, PA 17603

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan: Francisco/Pro Per
C/O PO BOX 3
Reamstown, PA (17567)

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: ______________

______________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc: