# In The United States District Court

# For The Eastern District of Pennsylvania

| | | |
|---|---|---|
| **JONATHAN FRANCISCO** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| **v.** | : | **No. 5:25-cv-05775** |
| **LANCASTER COUNTY, et al.,** | : | **The Honorable Joseph F. Leeson, Jr.** |
| **Defendants** | : | |

## BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANT OFFICER SHANE JOHNSON

COMES NOW Defendant Officer Shane Johnson ("Officer Johnson") who, by and through counsel, submits this Brief in Support of Defendant's Motion for Judgment on the Pleadings.

**I. Statement of the Facts**

Plaintiff, Jonathan Francisco ("Plaintiff"), in his First Amended Verified Complaint filed on or about December 17th, 2025, attempts to raise various claims for purported deprivation of his constitutional rights against the collective Defendants, including Officer Johnson. See First Amended Verified Complaint (ECF No. 14), at pp. 1-3 [unnumbered paragraphs].

Plaintiff avers that Officer Shane Johnson was at all relevant times a police officer who became "involved at the request or direction of Lancaster DRS involved [sic] in locating Plaintiff, causing or executing his arrest, and participating in enforcement efforts . . .". First Amended Verified Complaint, p. 6, ¶ 10.

Officer Johnson arrested Plaintiff on May 11, 2024, in Ephrata, Lancaster County, Pennsylvania. First Amended Verified Complaint, p.11, ¶ 45. Plaintiff avers Officer Johnson

"caused" Plaintiff to be transported to Lancaster County Prison, and "remained present and refused to leave until Plaintiff complied" with standard booking questions. See First Amended Verified Complaint, p. 12, ¶ 48.

Count II of Plaintiff's First Amended Verified Complaint raises a claim for "Unreasonable Seizure and Detention", and alleges that Officer Johnson arrested Plaintiff without a warrant. First Amended Verified Complaint, p. 15, ¶ 76. Plaintiff avers that Officer Johnson failed to produce a warrant despite repeated requests by Plaintiff to see a warrant. First Amended Verified Complaint, p. 16, ¶ 77. Plaintiff claims he was detained for approximately 50 hours without a neutral judicial probable-cause determination. First Amended Verified Complaint, p. 16, ¶ 78Officer Johnson does not appear as a named Defendant in any other Count or section of the First Amended Verified Complaint.

Officer Johnson's Answer with Affirmative Defenses (ECF No. 33), filed on or about February 5th, 2026, admits that Officer Johnson approached Plaintiff to place him under arrest—for an active bench warrant authorizing the arrest of Plaintiff. Answer of Officer Johnson, p. 3, ¶¶ 40-44. Officer Johnson's Answer includes the Bench Warrant for Plaintiff's arrest as "Exhibit A", and further includes Officer Johnson's arrest report as "Exhibit B" to the Answer. Answer of Officer Johnson, p. 3, ¶¶ 41-45. The bench warrant for Plaintiff's arrest was issued on or about November 7th, 2023, and is timestamped with the date and time of filing along with the words "Domestic Relations Section." Answer of Officer Johnson, Exhibit A. The Bench Warrant states it was issued after Plaintiff failed to appear for a scheduled conference or hearing despite receiving notice. Id. Officer Johnson notes in his report that he arrested Plaintiff outside of Plaintiff's house after arriving at 17:41 hours. Answer of Officer Johnson, Exhibit B. Officer Johnson transported Plaintiff to Ephrata Police Station for processing, then transported Plaintiff to Lancaster County

prison at 18:50 hours without incident. Id. Officer Johnson guided Plaintiff into the prison with his belongings, and at Plaintiff's request, Officer Johnson safeguarded Plaintiff's property inside Plaintiff's vehicle and called Plaintiff's mother (again, at Plaintiff's request) to make her aware of Plaintiff's arrest. Id.

## II. Statement of the Questions Involved

I) Whether Officer Johnson is entitled to judgment on the pleadings as a matter of law due to Plaintiff's failure to raise facially plausible claims against him?

SUGGESTED ANSWER: Yes.

## III. Summary of the Argument

Officer Johnson is entitled to judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The only count of the First Amended Verified Complaint that explicitly includes Officer Johnson is Count II, Unreasonable Seizure and Detention. Officer Johnson's Answer properly includes as an attached exhibit the bench warrant Officer Johnson relied upon in good faith to arrest Plaintiff. Plaintiff fails to adequately plead a false arrest claim under 42 U.S.C. § 1983, primarily due to the fact that Officer Johnson did, in fact, rely in good faith on a bench warrant to arrest Plaintiff. Accordingly, Count II of the First Amended Verified Complaint fails to raise a facially plausible claim.

Further, on the face of the pleadings and all well-pleaded allegations therein, Officer Johnson is entitled to qualified immunity against all of Plaintiff's claims under § 1983.

## IV. Argument

I) Officer Johnson is entitled to judgment on the pleadings as a matter of law because the First Amended Verified Complaint fails to plead any facially plausible claims against Officer Johnson

*a. Legal Standard—Motion for Judgment on the Pleadings*

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings after the pleadings are closed (but early enough not to delay trial). F.R.C.P. 12(c). A Court may grant a motion under Rule 12(c) "if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law." Bibbs v. Trans Union LLC, 43 F.4th 331, 339 (3d Cir. 2022) (quoting Fed Cetera, LLC v. Nat'l Cred. Servs., Inc., 938 F.3d 466, 469 n.7 (3d Cir. 2019)).

The same standards that apply to a Rule 12(b)(6) motion to dismiss also apply to a Rule 12(c) motion for judgment on the pleadings. Wolfington v. Reconstructive Orthopaedic Assocs. II PC, 935 A.3d 187, 195 (3d Cir. 2019). The Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal citations omitted). "A plaintiff can survive a 12(c) motion if her complaint contains sufficient factual matter to show that the claim is facially plausible . . ." Bibbs, 43 F.4th at 339 (citing Warrant Gen. Hosp., 643 F.3d at 84) (internal quotations omitted); see also Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (string citations omitted) ("[a] claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

More than a "sheer possibility" that a defendant acted unlawfully is required for a court to find facial plausibility. Connelly, 809 F.3d at 787 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). A complaint that pleads facts "merely consistent" with a defendant's liability falls short "of the line between possibility and plausibility of entitlement to relief." Id. The

plausibility determination is a "context-specific task" requiring the Court to rely on "judicial experience and common sense." Id.

Documents attached to a pleading as exhibits "is a part of the pleading for all purposes." F.R.C.P. 10(c). Exhibits to a pleading are reviewed as part of the facial plausibility standard. Watters v. Bd. Of Sch. Directors of City of Scranton, 975 F.3d 406, 412 (3d Cir. 2020) (citing Vorchheimer v. Philadelphia Owners Ass'n, 903 F.3d 100, 105 (3d Cir.2018)).

A complaint may be dismissed for failure to comply with Federal Rule of Civil Procedure 8(d)(1)'s requirement that each allegation in the complaint be simple, concise, and direct, such as when a complaint is "unintelligible" or "excessively prolix and overlong". Garrett v. Wexford Health, 938 F.3d 69, 93-94 (3d Cir. 2019) (citations omitted).

*b. Individual Liability Under § 1983 for the Arrest*

In order to sufficiently plead a cause of action under 42 U.S.C. § 1983, a plaintiff must plead a deprivation of a constitutional right, and further plead that the constitutional deprivation was caused by a person acting under the color of state law. Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (citations omitted).

Officer Johnson clearly was acting under color of state law. Interestingly, Plaintiff sued Officer Johnson "in his official capacity". A suit against a government official in their "official capacity" is "treated as a suit against the governmental entity itself" and "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent". Hill v. Borough of Kutztown, 455 F.3d 225, 233 n.9 (3d Cir. 2006) (citations omitted)). An individual is liable under § 1983 "only if he or she has personal involvement in the alleged wrongs". Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

To bring a claim for false arrest, a plaintiff must show (1) that there was an arrest, and (2) that the arrest was made without probable cause." Harvard v. Cesnalis, 973 F.3d 190, 199-200 (3d Cir. 2020). Probable cause exists "when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Wilson v. Russo, 212 F.3d 781, 789-90 (3d Cir. 2000) (citing Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995)). It is well settled that district courts may decide the existence of probable cause as a matter of law. Givens v Wal-Mart Stores, Inc., No.22-2989, 2023 U.S. App. LEXIS 28805, 22023 WL 7144628, at *3 (3d Cir. 2023).

In the case *sub judice*, the well-pleaded allegations in the First Amended Verified Complaint as to Officer Johnson are confined to Count II, to wit, Plaintiff's contention that Officer Johnson arrested Plaintiff without probable cause. However, Officer Johnson *did*, in fact, have an arrest warrant at the time of Plaintiff's arrest. "Ordinarily, the mere existence of a warrant" suffices to show that an officer acted in good faith. United States v. Pavulak, 700 F.3d 651, 663-64 (3d Cir. 2012) (citations omitted). The bench warrant here was issued due to Plaintiff's failure to appear for prior court proceedings. It is attached to Officer Johnson's Answer, and shows the basis for Officer Johnson's good faith belief that there was a valid warrant for Plaintiff's arrest.

There is a presumption of validity for an arrest under warrant. *See* Wilson v. Russo, 212 F.3d 781, 786 (3d Cir. 2000).Plaintiff makes no allegation that there is some kind of material misrepresentation or omission in the bench warrant. Nor does Plaintiff make any allegation that Officer Johnson somehow acted unlawfully in executing and carrying out the arrest warrant other than cursory statements that Officer Johnson "trespassed." Plaintiff was on his front yard when Officer Johnson arrested him. These indisputable facts fall far short of facial plausibility. They

are not even a "sheer possibility" of a false arrest or some other possible cause of action under § 1983.

To the extent Count II alleges that Officer Johnson is somehow liable for being detained "for approximately 50 hours without a neutral judicial probable-cause determination", per p. 16, ¶ 78, Officer Johnson was not personally involved in this. Officer Johnson's interactions with Plaintiff ended when he brought Plaintiff to the Couty prison as commanded by the arrest warrant. Officer Johnson is not responsible for whatever policies and procedures exist at the County prison. Individual liability under § 1983 requires personal involvement. As such, Officer Johnson cannot be liable for these allegations.

Finally, the remainder of the First Amended Verified Complaint does not contain any well-pleaded allegations against Officer Johnson. Much of the Complaint, including pages 2 through 4, are unnumbered screeds raising various allegations without any substance. Officer Johnson cannot ferret out any allegations against him from these paragraphs, which do not comply with Rule 8(d)'s requirement of simple, concise, and direct allegations.

Based on the foregoing, Officer Shane Johnson is entitled to judgment on the pleadings under Rule 12(c) as to all claims Plaintiff raises against him in the First Amended Verified Complaint.

*c. Officer Johnson is entitled to qualified immunity on all claims*

In order to determine whether an official is immune from suit under § 1983 under the doctrine of qualified immunity, a Court must determine whether the plaintiff has alleged the deprivation of an actual constitutional right that was clearly established at the time of the alleged violation, such that it "must be sufficiently clear that a reasonable official would understand that

what he is doing violates that right." Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

Officer Johnson is entitled to qualified immunity on the face of the pleadings. Officer Johnson did, in fact, rely on the existence of a valid bench warrant to arrest Plaintiff. As such, no clearly established constitutional right was violated, and Officer Johnson is entitled to judgment on the pleadings due to the fact that he has qualified immunity for Plaintiff's claims.

**V. Conclusion**

Based the foregoing, Defendant, Officer Shane Johnson respectfully prays this Honorable Court GRANT the instant motion for judgment on the pleadings, and DISMISS all claims against him in the First Amended Verified Complaint, WITH PREJUDICE.

Respectfully Submitted,

**/s/Andrew Bellwoar**
Andrew Bellwoar, Esquire
PA ID # 54096
126 W. Miner Street
West Chester, PA 19382
Abellwoar@bellwoarkelly.com
610-314-7066
Attorney for Defendant, Officer Shane Johnson

Date: _4.24.26____