**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JONATHAN FRANCISCO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Docket No. 5:25-CV-05775-JFL |
| | : | |
| DIRECTOR GARY KLINE OF THE | : | |
| LANCASTER COUNTY DOMESTIC | : | |
| RELATIONS SECTION; DOMESTIC | : | |
| RELATION SECTION OF LANCASTER | : | |
| COUNTY; COUNTY OF LANCASTER, | : | |
| PENNSYLVANIA; AND OFFICER | : | |
| SHANE JOHNSON, | : | |
| | : | |
| Defendants. | : | |

**BRIEF OF DEFENDANTS COUNTY OF LANCASTER AND GARY KLINE IN HIS INDIVIDUAL CAPACITY IN OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MOTION FOR PRELIMINARY INJUNCTION**

Defendants, County of Lancaster and Gary Kline in his individual capacity (collectively, "Lancaster County Defendants"), by and through their undersigned counsel, MacMain Leinhauser PC, hereby submit this Brief in Opposition to Plaintiff's Supplemental Motion for Preliminary Injunction (ECF 43).

**I.       INTRODUCTION AND STATEMENT OF FACTS**

In his Supplemental Motion for Preliminary Injunction, which Plaintiff claims does not replace his previously filed Renewed Motion for Preliminary Injunction (ECF 20), Plaintiff narrows the scope of his prior motion, claiming he only sought relief against suspension or restriction of his passport, absent a hearing. Now, he further seeks to enjoin proceedings related to his state court child support case, namely the restriction on his passport and "efforts to compel labor or employment," while failing to address his own continued refusal to pay his ordered child support obligations, necessitating the consequences to which he now objects.

1

Plaintiff now argues that he has a family trip to the Dominican Republic scheduled beginning June 3, 2026 which requires his presence. He asserts that the present restriction on the issuance of a passport resulting from his failure to pay his child support obligations should be lifted to permit his travel out of the country. (ECF 43 at 2). Plaintiff argues that the court-ordered consequences for his failure to pay child support as ordered constitutes immediate and continuing harm.

Plaintiff's allegations in his Supplemental Motion for Preliminary Injunction remain as disingenuous and frivolous as his Renewed Motion. It is established federal law that a person owing child support (in an amount determined by state law) is not eligible to receive a U.S. passport. 22 CFR 51.60(a)(2). Accordingly, as argued in Lancaster County Defendants' Brief in Opposition (ECF 32) to Plaintiff's Motion for Preliminary Injunction, which is incorporated herein, and based upon the well-settled legal standard for preliminary injunctions, Plaintiff's Supplemental Motion should be denied.

## II.    <u>STATEMENT OF THE QUESTIONS INVOLVED</u>

A. Whether Plaintiff is suffering, and will continue to suffer, irreparable harm if a preliminary injunction is not granted?

*Suggested Answer: No.*

B. Whether Plaintiff's Requested Injunction Would be Contrary to Public Interest?

*Suggested Answer: Yes.*

## III.    <u>STANDARD OF REVIEW</u>

As Plaintiff acknowledged in his renewed Motion, a preliminary injunction is an extraordinary remedy that should only be granted where the moving party demonstrates at least the first two of the following four elements:

1. A reasonable likelihood of success on the merits;

2. Irreparable harm if injunctive relief is not granted;

3. That the balance of equities favors the moving party; and

4. That injunctive relief favors public policy.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176-79 (3d Cir. 2017).

A preliminary injunction should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). In order to satisfy this exacting standard, the party moving for a preliminary injunction must carry its burden of demonstrating both: (1) a likelihood of success on the merits; and (2) the existence of irreparable injury from the alleged misconduct. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797 (3d Cir.1989). If the record does not support the finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. *Marxe v. Jackson*, 833 F.2d 1121 (3d Cir.1987).

The third and fourth factors in the *Reilly* analysis are to be considered only if the moving party establishes as a threshold a likelihood of success on the merits and irreparable injury. *Reilly*, 858 F.3d at 178. For the reasons discussed below and in Lancaster County Defendants' prior Brief in Opposition, Plaintiff fails to allege a sufficient basis to support his entitlement to a preliminary injunction related to the restrictions on his passport.

## IV.    ARGUMENT

### A. PLAINTIFF WILL NOT SUFFER IRREPARABLE HARM

Plaintiff's Supplemental Motion for Preliminary Injunction attempts to establish the previously absent element of irreparable harm. Plaintiff has still failed to establish by his verified Motion that he will be subjected to irreparable harm if the requested injunction is not granted. Plaintiff now argues that he has a planned trip to the Dominican Republic in early June, and presumable needs to lift the current restraint on his passport in order to travel there.

3

It is generally applicable and well-established law that any individual residing in Pennsylvania owing more than $2,500 in child support will have their existing passport privileges restricted in accordance with the federal Passport Denial Program. 22 CFR 51.60(a)(2).

Plaintiff is currently over $15,035 in arrears in his child support obligations, dating back to 2023. *See*, Payment History Report form, a copy of which is attached hereto as Exhibit "A." Plaintiff's unpaid obligations exceed the threshold for passport restrictions six times over.

The Passport Denial Program was authorized by the Personal Responsibility and Work Opportunity Reconciliation Act (PRWORA) made effective October 1, 1997, and provides for the denial or revocation of U.S. passports for the failure to pay child support. 42 U.S.C. § 652(k); 42 U.S.C. § 654(31); 22 CFR 51.60(a)(2); 22 CFR 51.62(a)(1). The purpose of the Passport Denial Program is to promote compliance with a support obligation by denying a delinquent obligor the right to obtain or renew a passport to travel abroad. *Id*.

On a weekly basis, the Pennsylvania Automated Child Support Enforcement System ("PACSES") identifies and certifies to the Office of Child Support Services ("OCSS"), noncustodial parents having combined arrearages in all cases exceeding $2,500. 42 U.S.C. § 654(31). Upon certification, the Secretary of State will refuse to issue a passport and may revoke, restrict or limit an existing passport. 22 CFR 51.60(a)(2); (22 CFR 51.62(a)(1).

Any harm Plaintiff may suffer from a restriction on the use of his passport is self-imposed. Once an individual's overdue support balance is reduced to zero, they become eligible for the restrictions to be lifted. Plaintiff can remedy the present problem by paying his support obligations.

As a threshold matter, it is the moving party's burden to show that the "preliminary

4

injunction must be the only way of protecting the plaintiff from harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir.1992) (emphasis in original, citations omitted). A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd-West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat . . . .'" *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted).

The passport restrictions imposed by Lancaster County Defendants are automatically applicable based upon the amount of child support for which Plaintiff is in arrears and are the product of his own actions. Plaintiff's own cooperation with the established court processes for determining and enforcing child support obligations, which are the same procedures required of all family court litigants, would resolve the alleged "harm" he claims is irreparable.

"The 'requisite feared injury or harm must be irreparable—not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (*quoting Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) (emphasis added).

Plaintiff's alleged harm involves merely potential restrictions on a summer trip. Plaintiff can be protected from the alleged future harm by complying with the established court procedures to challenge his support obligations or by complying with court orders to pay child support.

### B. OTHER INTERESTED PERSONS WOULD BE HARMED BY THE GRANT OF THE INJUNCTION

**and**

### C. AN INJUNCTION WOULD BE CONTRARY TO THE PUBLIC INTEREST

As the final two prongs of the injunction test largely overlap, they will be addressed together. As argued in Lancaster County Defendants' initial Brief in Opposition to Plaintiff's Motion for Preliminary Injunction, the County owes a duty to children within the County, including Plaintiff's, who need financial support to ensure that the rules of child support are applied equally to ALL. Therefore, it would not be in the interest of other interested parties or persons, including Plaintiff's daughter and her mother or the County's social services system, to enter an injunction enjoining enforcement of otherwise valid support orders. To the contrary, to enjoin such enforcement would ignore the rule of law and permit Plaintiff to enjoy individualized exceptions.

### V. CONCLUSION

For all or any of the foregoing reasons, the Lancaster County Defendants respectfully request that Plaintiff's Supplemental Motion for Preliminary Injunction be denied.

Respectfully submitted,

**MacMAIN LEINHAUSER PC**

Date: <u>May 12, 2026</u>　　　　　By:　<u>*/s/ Stephen G. Rhoads*</u>
　　　　　　　　　　　　　　　　　David J. MacMain
　　　　　　　　　　　　　　　　　Stephen G. Rhoads
　　　　　　　　　　　　　　　　　Maeve E. Bain
　　　　　　　　　　　　　　　　　PA Attorney I.D. Nos. 59320/47458/333923
　　　　　　　　　　　　　　　　　433 W. Market Street, Suite 200

West Chester, PA 19382
dmacmain@macmainlaw.com
srhoads@macmainlaw.com
mbain@macmainlaw.com
484-318-7106
*Attorneys for Defendants, County of Lancaster and Gary Kline in his individual capacity*

## CERTIFICATE OF SERVICE

I, Stephen G. Rhoads, Esquire, hereby certify that on this 12th day of May 2026, a copy of the foregoing *Defendants, County of Lancaster and Gary Kline in his individual capacity's Brief in Opposition to Plaintiff's Supplemental Motion for Preliminary Injunction* was served upon the following via ECF:

Sonya Kivisto, Esquire
Administrative Office of Pennsylvania Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
*Attorney for Defendants, Director Gary Kline of the Lancaster*
*County Domestic Relations Section (in his official capacity)*
*and Domestic Relation Section of Lancaster County*

Andrew J. Bellwoar, Esquire
Bellwoar Kelly, LLP
126 W. Miner Street, Suite 1
West Chester, PA 19382
*Attorney for Defendant Shane Johnson*

A copy was served upon the following party of record via U.S. First-Class Mail:

Jonathan Francisco
P.O. Box 3
Reamstown, PA 17567-0003
*Pro per Plaintiff*

**MacMAIN LEINHAUSER PC**

By:    */s/ Stephen G. Rhoads*
       Stephen G. Rhoads
       Attorney I.D. No. 47458
       433 W. Market Street, Suite 200
       West Chester, PA 19382
       srhoads@macmainlaw.com
       484-318-7106
       *Attorney for Defendants, County of*
       *Lancaster and Gary Kline in his individual*
       *capacity*

8