**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Jonathan Francisco | : | |
| | : | Civil Action |
| *Plaintiff* | : | |
| | : | No. 5:25-cv-05775 |
| v. | : | |
| | : | |
| Director Gary Kline of the Lancaster | : | |
| County Domestic Relations Section, et al. | : | Hon. Joseph F. Leeson, Jr. |
| | : | |
| *Defendants* | : | |
| | : | |

**Response in Opposition to Plaintiff's Supplemental Motion for Preliminary
Injunction on behalf of Director Gary Kline, in his official capacity,
<u>and the Lancaster County Domestic Relations Section</u>**

Gary Kline, in his official capacity, and Lancaster County Domestic Relations Section

(together "DRS Defendants"), by and through undersigned counsel, hereby submit this Brief in

Opposition to Plaintiff's Supplemental Motion for Preliminary Injunction.

**I.      Statement of Facts**

Plaintiff filed his Supplemental Motion for Preliminary Injunction in which he seeks to

supplement, but not replace, his pending Reviewed Motion for Preliminary Injunction. Plaintiff

asserts that he has a planned family vacation to the Dominican Republic beginning June 3, 2026,

and his inability to freely obtain or use his passport threatens to deprive him of that family event

and the ability to travel internationally with his family. (ECF No. 43, ¶¶ 12-13.) He alleges that

the restriction on his passport and the consequential inability to travel internationally constitute

the irreparable harm necessary to meet the standard for a preliminary injunction.

Plaintiff's allegations in his Supplemental Motion for Preliminary Injunction do not

support a request for a preliminary injunction. As set forth in DRS Defendants' Brief in

Opposition to Plaintiff's Motion for Preliminary Injunction (ECF 23), which is incorporated herein, and as set forth below, Plaintiff's Motion should be denied.

## II.    Statement of the Questions Involved

Should the Court deny Plaintiff's Motion for Preliminary Injunction because he cannot establish this extraordinary remedy due to a failure to show any likelihood of success on the merits and irreparable injury?

Answer: Yes.

## III.    Summary of Argument

Plaintiff's motion for preliminary injunction fails because he has no likelihood of success on the merits. DRS Defendants have raised numerous meritorious defenses to Plaintiff's claims in their Motion to Dismiss (ECF 37) and in their Brief in Opposition to Plaintiff's Motion for Preliminary Injunction (ECF 23). Further, Plaintiff cannot show that he will be irreparably harmed.

## IV.    Argument

Plaintiff's attempt to use a preliminary injunction to halt enforcement of his child support order is without merit. He cannot meet the requirements necessary for a preliminary injunction.

Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharmaceuticals, Inc. v. Andrx Corp.,* 369 F.3d 700, 708 (3d Cir.2004) (citation omitted). It is never awarded as of right. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008). Plaintiff must establish this relief by clear evidence on the merits of his claims. *Id.* at 22.

To obtain this extraordinary remedy, Plaintiff must show:

    1)  a likelihood of success on the merits;

2) that he will suffer irreparable harm if the injunction is denied;

3) that granting preliminary relief will not result in even greater harm to Defendants as non-moving parties; and

4) that the public interest favors such relief.

*Kos Pharmaceuticals,* 369 F.3d at 708. The first two factors are thresholds: if Plaintiff cannot meet them, the Court must deny the requested injunction. *Reilly v. City of Harrisburg*, 858 F.3d 173, 178 (3d Cir. 2017). If they are met, the Court may then consider the following two factors and balance all four together. *Id.*

Plaintiff is not entitled to injunctive relief. Analysis of the required elements need go no further than Plaintiff's likelihood of success on the merits – Plaintiff has no likelihood of success. Further, Plaintiff cannot establish irreparable harm.

### A.    Plaintiff has no likelihood of success on the merits.[1]

First, the *Younger* abstention doctrine precludes Plaintiff's claims. Abstention is proper when: (1) the state judicial proceeding is ongoing; (2) important state interests are implicated in the state action; and (3) the state proceeding offers sufficient opportunity to raise the claims asserted in federal court. *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003). Such is the case here. Plaintiff's child support case, which involves an important state interest, is ongoing in the state Court system, and Plaintiff can raise these issues in the state court or on appeal. Thus, abstention is proper pursuant to *Younger*.

Next, Eleventh Amendment immunity bars Plaintiff's claims against DRS Defendants. The Eleventh Amendment provides immunity to all state entities from suit in federal court.

---

[1] DRS Defendants have thoroughly briefed their defenses to Plaintiff's Complaint in their Motion to Dismiss and Brief in Opposition to Plaintiff's Motion for Preliminary Injunction (ECFs 23 and 37). As such, the defenses will be summarized only.

Director Kline, in his official capacity, and Domestic Relations are arms of the state and entitled to Eleventh Amendment immunity. Further Director Kline, in his official capacity, is not a "person" subject to suit under 42 U.S.C. § 1983.

Third, Plaintiff's requested relief is improper as he seeks declaratory relief for past events, the establishment and enforcement of his child support order.

The *Rooker-Feldman* doctrine also bars Plaintiff's claims because they arise out of an adjudicated child support order and the resulting enforcement of that order.

Next, Plaintiff was afforded due process, but he chose to not participate in the child support process in any meaningful way.

Finally, Plaintiff cannot show irreparable harm. The relief he seeks with this motion for preliminary injunction is the same relief that will be available if he ultimately prevails on the merits. Further, his alleged harm is not irreparable.

**B.      Plaintiff will not suffer an irreparable injury.**

Plaintiff cannot show an irreparable injury. To demonstrate irreparable harm, Plaintiff must show potential harm that "cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). And the preliminary injunction must be "the only way of protecting the plaintiff from harm." *Id.* Here, Plaintiff seeks equitable relief against DRS Defendants. Thus, the same relief is available if he ultimately prevails on the merits. But a preliminary injunction may not be used to decide ultimate issues of fact or eventual relief. *See Orbital Eng'g, Inc. v. Buchko*, No. 2:20-CV-00593, 2020 WL 4194131, at *2 (W.D. Pa. 2020); *Messner v. Bunner*, No. 07-CV-112, 2009 WL 1406986, at *5 (W.D. Pa. 2009).

Further, to obtain relief, the preliminary injunction must be the only way of protecting Plaintiff from harm. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). But Plaintiff has remedies and avenues for relief in state court. *See Kush v. Bayview Loan Servicing,* 2018 WL 3631871, at *3 (M.D. Pa. 2018) (holding that an irreparable harm was lacking where the plaintiff had state court remedies regarding a sheriff's sale, including filing motions and taking an appeal).

Plaintiff's alleged harm is potentially missing an upcoming family vacation. Plaintiff could resolve this potential restriction on travel by seeking redress through the family court system, or he could pay his child support.

## V.    Conclusion

For the foregoing reasons, DRS Defendants request this Honorable Court to deny Plaintiff's Supplemental Motion for Preliminary Injunction as he cannot succeed on the merits of his claim, and he has not established an irreparable injury.

Respectfully submitted,

*s/Sonya Kivisto*
**Sonya Kivisto, Esquire**
Attorney I.D. Pa. 92919
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA  19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

*Attorney for Director Gary Kline, in his official capacity, and Domestic Relations Section of Lancaster County*

**UNITED STATES DISTRICT OURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Jonathan Francisco | : | |
| | : | Civil Action |
| *Plaintiff* | : | |
| | : | No. 5:25-cv-05775 |
| v. | : | |
| | : | |
| Director Gary Kline of the Lancaster | : | |
| County Domestic Relations Section, et al. | : | Hon. Joseph F. Leeson, Jr. |
| | : | |
| *Defendants* | : | |
| | : | |

### Certificate of Service

The undersigned counsel hereby certifies that on May 13, 2026, she personally caused to

be served upon the following a copy of the foregoing *Response in Opposition to Plaintiff's*

*Supplemental Motion for Preliminary Injunction,* via CM/ECF to:

Jonathan Francisco
Email: jonathanfrancisco2@yahoo.com

Stephen Gage Rhoads, Esquire
MacMain Leinhauser PC
Email: srhoads@macmainlaw.com

Maeve E. Bain, Esquire
MacMain Leinhauser PC
mbain@macmainlaw.com

**s/ Sonya Kivisto**
Sonya Kivisto, Esquire
