United States District Court
Eastern District of Pennsylvania
Civil Action

| | |
|---|---|
| Jonathan Francisco,<br>Plaintiff,<br><br>V.<br><br>Director Gary Kline of DRS et al.<br>Defendants | Docket No.: 5:25-cv-05775<br><br>Brief in opposition to motions for judgement<br>&. Request for determination of<br>Preliminary Injunction |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS AND REQUEST FOR IMMEDIATE DETERMINATION OF PENDING PRELIMINARY INJUNCTION**

Plaintiff Jonathan Francisco, pro per, respectfully submits this Brief in Opposition to: (1) Defendant Officer Shane Johnson's Motion for Judgment on the Pleadings, ECF No. 42; and (2) Defendants County of Lancaster and Director Gary Kline's Motion for Judgment on the Pleadings, ECF No. 44. Plaintiff files this opposition pursuant to the Court's May 19, 2026 Order requiring a response by May 26, 2026.

## I. PRELIMINARY STATEMENT

Defendants' Motions should be denied because they ask this Court to do what Rule 12(c) does not permit: resolve disputed facts, accept defense exhibits and docket entries for the truth of contested matters, draw inferences against Plaintiff, and dispose of constitutional claims while Plaintiff's time-sensitive preliminary-injunction request remains undecided.

Plaintiff has pleaded facially plausible claims arising from bodily seizure, detention, passport restraint and federal travel disability arising from Title IV-D certification, coercive Title IV-D enforcement consequences, lack of constitutionally protected required process, and irreparable harm tied to a concrete June 3, 2026 international family trip. The trip also involves family responsibilities, including assisting Plaintiff's mother while she is recovering from a broken foot. Once that date passes, the lost opportunity to travel, attend the family event, and provide family assistance cannot be restored by a later ruling, money damages, or after-the-fact review.

This case is not a request for this Court to recalculate support, forgive arrears, or sit as a domestic-relations appellate court. Plaintiff seeks prospective, narrow, process-preserving relief against continuing collateral restraints and enforcement consequences unless and until constitutionally protected required process is provided.

The Court's present task is not to decide whether Plaintiff will ultimately prove every claim. The question is whether, accepting Plaintiff's well-pleaded facts as true and drawing reasonable

inferences in his favor, Defendants have shown entitlement to judgment as a matter of law. They have not.

## II. PROCEDURAL BACKGROUND

Plaintiff filed an Amended Verified Complaint asserting federal constitutional claims and related claims arising from ongoing Title IV-D domestic-relations enforcement practices, collateral sanctions, and asserted deprivation of constitutionally protected required process.

On January 13, 2026, Plaintiff filed a Renewed Motion for Preliminary Injunction under Federal Rule of Civil Procedure 65. That motion sought narrow, process-preserving relief to prevent ongoing and irreparable harm from penalty-type enforcement sanctions, including passport restraint and other coercive consequences, unless constitutionally protected required process is provided.

Defendants opposed the injunction and argued, among other things, Younger abstention, Eleventh Amendment immunity, Rooker-Feldman, lack of irreparable harm, lack of likelihood of success, and alleged failure to plead specific facts. On February 9, 2026, Plaintiff responded and preserved that the requested injunction is prospective, narrow, and directed at continuing enforcement consequences, not at vacating, modifying, or recalculating support.

On April 30, 2026, Plaintiff filed a Supplemental Motion for Preliminary Injunction explaining that the harm had become more concrete and time-sensitive because Plaintiff has a family international trip to the Dominican Republic scheduled for June 3–8, 2026. That motion remains pending.

After Plaintiff's January 13, 2026 preliminary-injunction request had been fully briefed and remained pending, Defendant Officer Johnson filed his Rule 12(c) Motion for Judgment on the Pleadings on April 24, 2026, ECF No. 42. Defendants County of Lancaster and Director Gary Kline then filed their Rule 12(c) Motion for Judgment on the Pleadings on May 1, 2026, ECF No. 44. On May 19, 2026, the Court ordered Plaintiff to respond to both Rule 12(c) motions by May 26, 2026. Plaintiff now timely responds and requests that the Court deny both Motions and immediately determine the pending preliminary-injunction request.

## III. LEGAL STANDARD

### A. Rule 12(c) Standard

Federal Rule of Civil Procedure 12(c) permits judgment on the pleadings only when the pleadings show that there is no material issue of fact and the moving party is entitled to judgment as a matter of law. The Court must accept Plaintiff's well-pleaded factual allegations as true and draw reasonable inferences in Plaintiff's favor. The Court may not weigh evidence, decide credibility, resolve disputed facts, or accept a moving defendant's factual narrative over Plaintiff's allegations.

Where Defendants rely on exhibits, dockets, warrants, notices, or state-court records to prove disputed facts, those materials should not be accepted for their truth at the Rule 12(c) stage. If matters outside the pleadings are considered for their truth, Federal Rule of Civil Procedure 12(d) requires conversion to summary judgment and a reasonable opportunity for Plaintiff to present evidence, declarations, discovery, and other materials.

## B. Preliminary Injunction Standard

A preliminary injunction may issue where the movant shows: (1) a reasonable probability of success on the merits; (2) irreparable harm absent relief; (3) that the balance of equities favors relief; and (4) that relief is in the public interest. Reilly v. City of Harrisburg, 858 F.3d 173, 176–79 (3d Cir. 2017). The purpose of preliminary relief is to prevent irreparable harm before final adjudication. That purpose is central here because Plaintiff's June 3, 2026 travel date is imminent, and any effective relief must issue early enough for Plaintiff to provide notice, address the passport restraint, and obtain action from the passport agency before travel becomes impossible.

## IV. ARGUMENT

### A. Judgment on the pleadings is improper because Plaintiff pleads ongoing prospective harm, not merely disagreement with a past support order.

Defendants repeatedly frame Plaintiff's claims as an attempt to avoid or nullify a support order. That is not the claim before this Court. Plaintiff does not seek immunity from lawful obligations and does not ask this Court to operate as a domestic-relations appellate tribunal. Plaintiff seeks constitutionally protected required process before continuing liberty-restricting enforcement consequences are imposed or maintained.

Plaintiff challenges ongoing enforcement practices and collateral restraints, including passport restraint and federal travel disability arising from Title IV-D certification, threatened arrest or contempt consequences, license or credential restrictions, escalating sanctions, and compelled employment-related consequences. These injuries are prospective and ongoing. They are not merely historical disagreement with a past support order.

Defendants cannot obtain Rule 12(c) judgment by recharacterizing Plaintiff's claims as something he expressly disclaims. Plaintiff alleges that Defendants' enforcement structure has operated and continues to operate without adequate notice, meaningful opportunity to be heard, access to relevant financial evidence, and express present ability-to-pay determinations before coercive sanctions or collateral restraints are imposed or maintained. Those allegations state a live controversy.

### B. The pending preliminary injunction must be decided before the June 3, 2026 harm becomes irreversible.

Plaintiff's pending preliminary-injunction request is not academic. Plaintiff has an international family trip scheduled for June 3–8, 2026. Passport restraint and continuing enforcement

certification threaten to deprive Plaintiff of the ability to travel for that event. The trip is not merely recreational; it includes family responsibilities, including assisting Plaintiff's mother while she is recovering from a broken foot. Once the date passes, the harm occurs. A missed trip, missed family event, and lost opportunity to provide family assistance cannot be restored by a later ruling or compensated by money damages in any meaningful way. Equity will not suffer a wrong to be without a remedy, and equity acts to prevent irreparable harm before the injury becomes incapable of repair.

Plaintiff's April 30, 2026 supplemental filing did not replace the January 13 motion; it supplemented the record with concrete facts showing present irreparable harm. Plaintiff has already answered many of Defendants' injunction arguments in prior filings and incorporates those arguments by reference to preserve the record without unnecessary repetition.

It would be inconsistent with Rule 65's purpose to dispose of the case on Rule 12(c) while leaving the time-sensitive injunction undecided until after the harm occurs. Plaintiff requests immediate determination of the injunction on the written submissions, or an emergency status conference or hearing sufficiently before June 3, 2026 to allow Plaintiff to provide notice, address the passport restraint, and obtain action from the passport agency before the travel date passes.

## C. Younger abstention does not require judgment on the pleadings.

Defendants invoke Younger v. Harris, 401 U.S. 37 (1971), but Younger abstention is narrow. It does not create a blanket rule that every federal constitutional challenge connected to domestic-relations enforcement must be dismissed. Federal courts retain a virtually unflagging obligation to exercise jurisdiction, and Younger applies only in exceptional categories of proceedings. Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013).

Plaintiff does not ask this Court to conduct the state support proceeding, recalculate support, or decide custody or domestic-relations merits. Plaintiff challenges ongoing collateral restraints and enforcement consequences that continue, according to Plaintiff's pleadings, without constitutionally protected required process. The federal question is whether continuing enforcement consequences may be imposed or maintained without constitutionally adequate notice, opportunity to be heard, access to material evidence, and meaningful present ability-to-pay determinations before coercive sanctions are used.

At minimum, the Younger issue should not be resolved against Plaintiff on Rule 12(c), where the pleadings identify ongoing federal injury and a need for timely relief before the June 3, 2026 travel-related harm becomes practically unavoidable.

## D. Rooker-Feldman does not bar Plaintiff's claims.

Rooker-Feldman is narrow. It applies only where the federal plaintiff complains of injuries caused by a state-court judgment rendered before the federal suit was filed and asks the federal district court to review and reject that judgment. Exxon Mobil Corp. v. Saudi Basic Industries

Corp., 544 U.S. 280 (2005); Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159 (3d Cir. 2010).

Plaintiff does not ask this Court to reverse a state judgment, determine arrears, recalculate support, or decide custody. Plaintiff seeks prospective relief against continuing enforcement consequences, including passport restraint and federal travel disability arising from Title IV-D certification, threatened contempt enforcement, and other collateral consequences maintained, according to Plaintiff's pleadings, without constitutionally protected required process.

Because Plaintiff challenges ongoing enforcement conduct and seeks process-preserving prospective relief, Rooker-Feldman does not support judgment on the pleadings.

### E. Eleventh Amendment immunity does not dispose of all claims or all requested relief.

To the extent Defendants invoke Eleventh Amendment immunity, that defense does not warrant judgment on the pleadings as to all claims, all parties, or all requested relief. Plaintiff seeks prospective relief for ongoing violations of federal law. Under Ex parte Young, 209 U.S. 123 (1908), federal courts may grant prospective injunctive relief against an appropriate official to stop ongoing federal violations.

Further, immunity arguments do not resolve claims against the County of Lancaster, Gary Kline in his individual capacity, or Officer Shane Johnson in his individual capacity. Individual-capacity liability turns on personal conduct, not merely office. Even if the Court concludes that some claims or forms of relief are barred as to some Defendants, that would require narrow claim-by-claim and party-by-party analysis, not judgment on all claims with prejudice.

### F. Plaintiff has pleaded protected liberty interests and inadequate process.

Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner before protected liberty or property interests are deprived. Mathews v. Eldridge, 424 U.S. 319 (1976). Plaintiff has pleaded that Defendants imposed or maintained coercive and collateral consequences without constitutionally protected required process.

The protected interests at issue include bodily liberty, movement, travel, passport use, threat of arrest, contempt enforcement, occupational liberty, family association, and compelled employment-related consequences. These interests are protected by federal constitutional principles, including Fourth Amendment protections against unreasonable seizure, due-process guarantees, and the broader liberty interests recognized in cases addressing movement, work, family, and freedom from bodily restraint. The Pennsylvania Constitution likewise recognizes inherent rights to enjoy and defend life and liberty, acquire and protect property, pursue happiness, and obtain remedy by due course of law. Pa. Const. art. I, §§ 1, 8, 11. The Supreme Court has recognized that liberty includes the right to use one's faculties in lawful ways, live and work where one chooses, and pursue lawful callings. Allgeyer v. Louisiana, 165 U.S. 578, 588 (1897). Passport restraint and federal travel disability cannot be treated as a mere administrative inconvenience where a concrete international travel date is imminent.

Plaintiff states that he was not provided constitutionally adequate notice that present ability to pay was critical before coercive enforcement, meaningful access to evidence or financial materials relied upon, a meaningful opportunity to be heard, or express present ability-to-pay findings before liberty-restricting enforcement consequences were imposed or maintained. Defendants deny this and contend Plaintiff refused to participate. That dispute cannot be resolved on Rule 12(c).

## G. Turner v. Rogers supports Plaintiff's process-preserving theory.

In Turner v. Rogers, 564 U.S. 431 (2011), the Supreme Court recognized that civil contempt proceedings involving nonpayment require safeguards adequate to ensure a fundamentally fair determination concerning ability to pay before incarceration may be imposed. Turner emphasized notice that ability to pay is critical, a fair opportunity to present and dispute relevant financial information, and express findings concerning ability to pay.

Plaintiff does not cite Turner to demand immunity from lawful obligations. Plaintiff cites Turner because the challenged enforcement structure allegedly imposes or threatens coercive consequences without constitutionally adequate procedures tied to present ability to pay. Due process is not satisfied by the mere existence of a proceeding. The question is whether the process was meaningful as applied before the deprivation or threatened deprivation occurred.

## H. Plaintiff's claims against Lancaster County and Gary Kline remain facially plausible.

Defendants County of Lancaster and Gary Kline argue lack of personal involvement, supervisory liability, and municipal liability. Plaintiff's theory is not respondeat superior. Plaintiff has pleaded that Lancaster County, through its domestic-relations enforcement structure, policies, customs, practices, and coordination with Director Kline and enforcement actors, caused ongoing constitutional injuries.

A municipality may be liable under 42 U.S.C. § 1983 where a constitutional deprivation is caused by an official policy, custom, practice, failure to train, failure to supervise, or decision of a final policymaker. Monell v. Department of Social Services, 436 U.S. 658 (1978). Plaintiff has pleaded that the challenged enforcement structure is part of a continuing system involving DRS-initiated warrants, collateral sanctions, passport restraint, contempt enforcement, and liberty-restricting consequences tied to Title IV-D processes.

Defendants' own exhibits and motion materials describe a repeated enforcement chain involving notices, warrants, contempt listings, and support enforcement actions. Whether those practices were lawful, whether they were County policy or state policy, whether Kline personally directed, knew of, acquiesced in, or implemented the challenged conduct, and whether those practices caused the injury are factual questions unsuitable for Rule 12(c).

**I. Plaintiff pleads facially plausible Fourth Amendment, due-process, and false-imprisonment claims against Officer Johnson.**

Officer Johnson's motion should be denied because Plaintiff pleads a facially plausible claim for unreasonable seizure and detention. Officer Johnson's own motion identifies the core allegations: Plaintiff pleaded that Officer Johnson arrested him on May 11, 2024; caused him to be transported; failed to produce a warrant when requested; and was involved in a detention that Plaintiff alleges lasted approximately fifty hours without a neutral judicial probable-cause determination.

Plaintiff states that he was outside mowing when Officer Johnson approached in police clothing, badge, and vehicle, restrained his liberty, ignored repeated requests to see a warrant, ignored at least three requests for due process, transported Plaintiff to the Ephrata station, and caused photographs, fingerprints, and processing before any warrant or probable-cause basis was shown. Plaintiff further states that the warrant exhibit filed in this federal action was the first time he saw the alleged warrant.

Officer Johnson argues that the later-produced bench warrant defeats the claim as a matter of law. It does not. Plaintiff disputes the warrant's validity, service, notice, and constitutional predicate. Plaintiff also disputes whether proper service of process, summons, verified complaint, notice to appear, and constitutionally protected required process preceded the alleged domestic-relations warrant. A document attached to a defendant's Answer does not conclusively resolve those disputes at the pleading stage.

A seizure is lawful only if supported by lawful authority. Plaintiff states that Officer Johnson seized him first and then used Plaintiff's personal identifying data, fingerprinting, photographing, and processing to complete the arrest chain rather than establishing lawful authority and identity before the seizure. The pleadings dispute whether proper identity verification occurred before the seizure and processing. These facts support a reasonable inference that the arrest, detention, and post-seizure processing were constitutionally defective.

Plaintiff also pleads personal involvement. Officer Johnson was the person who physically seized Plaintiff, transported him, caused processing to occur, and delivered him into custody. Whether Officer Johnson is liable for the full fifty-hour detention, or only for the initial seizure, transport, and processing, is not grounds for complete judgment on the pleadings.

**J. Qualified immunity cannot be resolved in Officer Johnson's favor on the pleadings.**

Qualified immunity should not be granted on Rule 12(c) where material facts are disputed. Plaintiff states that Officer Johnson seized him without presenting lawful authority, without probable cause or reasonable articulable suspicion independent of the disputed warrant, without confirming valid service or notice, without providing due process when requested, and as part of a civil enforcement chain that lacked constitutionally protected required process.

The rights to be free from unreasonable seizure, arrest without valid legal authority, detention through constitutionally defective process, and deprivation of liberty without due process are

clearly established. Discovery is necessary concerning what Officer Johnson knew, what documents he possessed, whether he confirmed identity before seizure and processing, whether he presented the warrant when requested, whether the warrant was facially valid, whether the underlying process was administrative or judicial, what communications occurred with DRS, and whether Plaintiff was taken to the Ephrata station for photographs and fingerprints before any warrant or probable-cause basis was shown, and whether any biometric collection was obtained by consent or through coercive custodial processing, including physically placing Plaintiff's hand on the fingerprint machine without voluntary consent.

**K. Defendants' exhibits cannot be accepted for the truth of disputed matters on Rule 12(c).**

Defendants rely heavily on exhibits, dockets, warrants, notices, and state-court materials. Plaintiff does not waive objection to those materials. The Court may consider the existence of public records for limited purposes, but it may not use disputed records to resolve contested facts against Plaintiff at the pleading stage.

A docket entry or mailing notation may show that an entry exists. It does not conclusively prove that Plaintiff received constitutionally adequate service, that first-class mail satisfied due process for the deprivation at issue, that the notice contained required safeguards, that the warrant was validly issued, that jurisdiction was perfected, or that Defendants complied with all constitutional prerequisites before restraining liberty.

If the Court intends to consider matters outside the pleadings for their truth, Plaintiff respectfully requests that the Court provide the protections required by Federal Rule of Civil Procedure 12(d), including reasonable notice and a meaningful opportunity to present declarations, exhibits, discovery, and other evidentiary materials opposing Defendants' factual narrative before any conversion or adverse ruling.

**L. Defects in process must be resolved before Defendants may rely on later enforcement consequences as conclusive proof of lawful authority.**

Plaintiff preserves the objection that defects in process are not technical where the asserted defect is the very mechanism used to restrain liberty. Defendants ask the Court to treat later docket entries, warrant exhibits, mailing notations, and enforcement records as conclusive proof of lawful authority. But Plaintiff challenges the process by which that claimed authority was created, served, invoked, and enforced.

Plaintiff preserves the procedural objection that a party may challenge defects in the mode, timing, service, notice, identity, or form of process without conceding the merits or waiving objections to jurisdiction, service, due process, or lawful authority. Here, Plaintiff disputes that Defendants perfected service, supplied constitutionally adequate notice, produced a verified complaint or lawful initiating process, provided a meaningful opportunity to be heard, or obtained valid authority before bodily seizure, detention, passport restraint, and other collateral enforcement consequences were imposed or maintained.

If service was never perfected, if constitutionally adequate notice was never given, if a verified complaint or lawful initiating process was absent, if the proceeding was administrative in substance but produced a body warrant without judicial safeguards, or if Plaintiff was deprived of a meaningful opportunity to be heard before liberty was restrained, then the later warrant and enforcement consequences cannot be treated as conclusive proof of lawful authority at the pleading stage.

## M. Defendants' affirmative defenses do not justify Rule 12(c) judgment.

Defendants raise affirmative defenses including immunity, lack of injury, no policy or custom, no bad faith, no deliberate indifference, statutory defenses, and their contention that Plaintiff caused or contributed to his own harm. Affirmative defenses generally do not support judgment on the pleadings unless the defense is apparent from the face of the pleadings and no factual development is necessary.

That is not this case. Defendants' affirmative defenses require factual determinations concerning process, notice, causation, injury, policy, custom, individual involvement, reasonableness, and continuing harm. Those questions cannot be resolved against Plaintiff on the pleadings.

## N. Plaintiff has shown irreparable harm for purposes of preserving and determining the preliminary injunction.

The June 3, 2026 international family trip is a concrete, imminent event. Passport restraint affecting that date is not speculative. The trip includes a time-specific family event and Plaintiff's ability to assist his mother while she is recovering from a broken foot. Once the date passes, the harm occurs. No later order can restore attendance at a missed family event, the ability to provide family assistance at the needed time, or the lost travel opportunity. Money damages cannot fully compensate for those injuries.

The irreparable harm is not limited to travel. Plaintiff also maintains that he faces continuing restraints on liberty, threat of arrest or contempt, coercive employment-related conditions, and collateral consequences imposed or maintained through an enforcement structure Plaintiff maintains lacks constitutionally protected required process.

## O. The public interest and balance of equities favor narrow process-preserving relief.

Plaintiff does not seek an injunction preventing lawful support enforcement forever. Plaintiff seeks a narrow order preserving constitutionally protected required process before coercive and liberty-restricting consequences are imposed or maintained.

The public interest favors enforcement systems that respect the Bill of Rights, federal due-process principles, Fourth Amendment protections against unreasonable seizure, and Pennsylvania's constitutional protections for liberty, property, remedy, and freedom from unreasonable searches and seizures. Pa. Const. art. I, §§ 1, 8, 11. Equity also favors substance over form and does not permit a claimed procedural formality to defeat a meaningful remedy where liberty is restrained without constitutionally adequate process.

The public has no interest in enforcement methods that operate without constitutionally adequate process. The public does have an interest in fair, reliable, and constitutionally compliant enforcement proceedings. Narrow relief would not eliminate lawful obligations, prevent future lawful proceedings, or prohibit Defendants from acting after constitutionally protected required process is provided.

**P. At minimum, dismissal with prejudice is improper and leave to amend must be preserved.**

Even if the Court determines that any portion of the Amended Complaint requires clarification, dismissal with prejudice is not warranted. Leave to amend should be freely given when justice so requires. Plaintiff proceeds pro per and has attempted in good faith to plead complex federal constitutional issues arising from continuing enforcement consequences.

If the Court identifies any deficiency, Plaintiff requests leave to amend rather than dismissal with prejudice. Plaintiff preserves all claims, objections, arguments, and appellate rights.

## V. REQUEST FOR IMMEDIATE DETERMINATION OF PENDING PRELIMINARY INJUNCTION

Plaintiff requests that the Court immediately determine the pending preliminary-injunction request sufficiently before June 3, 2026 to allow Plaintiff to provide notice, address the passport restraint, and obtain action from the passport agency before travel becomes impossible. Plaintiff's request is made under Federal Rule of Civil Procedure 65 and Local Civil Rule 7.1 and is supported by the existing written record.

Plaintiff requests one of the following forms of immediate action:

1. Grant the pending preliminary injunction in narrow, process-preserving form sufficiently before June 3, 2026 to permit meaningful passport-related relief;
2. Determine the pending preliminary injunction on the written submissions sufficiently before June 3, 2026 to permit meaningful passport-related relief;
3. Set an emergency status conference or hearing sufficiently before June 3, 2026 to permit meaningful passport-related relief; or
4. Enter a temporary order preserving the status quo and preventing passport-related irreparable harm until the Court determines the pending injunction.

The requested relief may be narrowly tailored to preserve the status quo and prevent irreversible harm. Plaintiff does not ask the Court to recalculate support, forgive arrears, or prohibit constitutionally valid proceedings. Plaintiff asks only that Defendants be restrained from maintaining or enforcing passport restraint and federal travel disability arising from Title IV-D certification and other liberty-restricting collateral consequences absent constitutionally protected required process.

## VI. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order:

A. **Denying** Defendant Officer Shane Johnson's Motion for Judgment on the Pleadings, ECF No. 42;

B. **Denying** Defendants County of Lancaster and Director Gary Kline's Motion for Judgment on the Pleadings, ECF No. 44;

C. **Immediately determining** Plaintiff's pending preliminary-injunction request sufficiently before June 3, 2026 to permit meaningful passport-related relief;

D. **Granting narrow, prospective, process-preserving preliminary relief** protecting Plaintiff from passport restraint and federal travel disability arising from Title IV-D certification and other liberty-restricting collateral enforcement consequences unless and until constitutionally protected required process is provided;

E. In the alternative, **scheduling an emergency status conference or hearing sufficiently before June 3, 2026 to permit meaningful passport-related relief**;

F. In the further alternative, if the Court finds any pleading deficiency, **granting leave to amend rather than entering judgment with prejudice**; and

G. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jonathan Francisco
Jonathan Francisco
Plaintiff, pro per
Date: May 26, 2026

# Certificate of Service

Documents: Brief in opposition to defendants motions for judgement & request for immediate determination of pending preliminary injunction, declaration & proposed order

I certify that on May 26, 2026, the foregoing was filed electronically through the Court's CM/ECF system and is available for viewing and downloading from that system. I further certify that a copy was served upon all counsel of record through the Notice of Electronic Filing generated by CM/ECF.

Sonya Kivisto, Esq.                                          CM/ECF system
Attorney I.D. PA 92919
1515 Market Street, Suite 1414
Philadelphia, PA 19102
*Attorney for Director Gary Kline, in his official capacity,*
*& Domestic Relations Section of Lancaster County*

David J. MacMain                                            CM/ECF system
Stephen G. Rhoads
Maeve E. Bain
PA Attorney I.D. Nos. 59320 / 47458 / 333923
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendants, County of Lancaster and*
*Gary Kline in his official capacity*

Andrew J. Bellwoar, Esq.                                    CM/ECF system
Bellwoar Kelly, LLP
126 W. Miner Street, Suite 1
West Chester, PA 19382
abellwoar@bellwoarkelly.com
*Attorney for Defendant Shane Johnson*

By my Hand or Mail:
Jonathan, Family of the Francisco
Sui Juris
C/O PO Box 3
Reamstown, Pennsylvania (17567)

I, Jonathan of the Francisco Family, known to me to be the natural man described herein, who makes oath under the Laws of the Most High God and in accordance with the Maxims of Equity, declares that every statement given above is the whole truth to the best of his knowledge and experience.
By:

United States District Court
Eastern District of Pennsylvania
Civil Action

| | |
|---|---|
| Jonathan Francisco, Plaintiff, <br><br> V. <br><br> Director Gary Kline of DRS et al. Defendants | Docket No.: 5:25-cv-05775 <br><br> Declaration in support of Brief in opposition to motions for judgement & Request for determination of Preliminary Injunction |

**DECLARATION OF JONATHAN FRANCISCO IN SUPPORT OF PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS AND PENDING PRELIMINARY-INJUNCTION REQUEST**

I, Jonathan Francisco, declare as follows:

1. I am the Plaintiff in this civil action. I submit this Declaration in support of Plaintiff's Brief in Opposition to Defendants' Motions for Judgment on the Pleadings, ECF Nos. 42 and 44, and in support of my pending preliminary-injunction request.
2. I have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to the matters stated herein.

**International Travel, Passport Restraint, and Irreparable Harm**

3. I have an international family trip to the Dominican Republic scheduled for June 3 through June 8, 2026.
4. The trip includes a time-specific family event and family responsibilities. My mother is recovering from a broken foot, and part of my reason for traveling is to assist her and support my family during that time.
5. I am subject to passport restraint and federal travel disability arising from Title IV-D certification or related enforcement consequences.
6. The passport restraint directly affects my ability to travel internationally for the June 3 through June 8, 2026 family trip.
7. Because the trip is scheduled to begin on June 3, 2026, delayed relief may be functionally useless even if entered shortly before the travel date.
8. Any effective passport-related relief must issue sufficiently before June 3, 2026 so I have time to provide notice, address the passport restraint, and obtain action from the passport agency before travel becomes impossible.
9. If the passport restraint is not addressed in time, the harm will become irreversible because the travel date and family responsibilities will pass.

10. If I am prevented from traveling on or before June 3, 2026, I cannot recover that missed family event, travel opportunity, or ability to assist my mother at the needed time through money damages or a later court ruling.

11. I do not attach passport records containing sensitive personal information to this public filing because those documents contain personal identifying information and should not be publicly exposed.

12. I can provide passport-related proof under seal, with redactions, or upon Court request if the Court requires documentary confirmation.

13. I am not asking this Court to recalculate support, forgive arrears, or sit as an appellate domestic-relations court. I seek constitutionally protected required process before continuing collateral restraints and liberty-restricting enforcement consequences are imposed or maintained.

## May 11, 2024 Arrest and Processing

14. On May 11, 2024, I was outside mowing when Officer Shane Johnson approached me.

15. Officer Johnson was wearing police clothing, had a badge, and was operating or using what appeared to be a police vehicle.

16. At the time Officer Johnson approached me, I was not shown a warrant, summons, verified complaint, probable-cause affidavit, or other document establishing lawful authority to seize me.

17. I asked to see the warrant multiple times.

18. I requested due process at least three times.

19. Officer Johnson did not show me a warrant before restraining me, arresting me, transporting me, or taking me for processing.

20. I did not voluntarily agree to be arrested, transported, photographed, fingerprinted, or processed.

21. Officer Johnson seized me and transported me to the Ephrata station.

22. At the Ephrata station, I was photographed and fingerprinted before any warrant, probable-cause basis, verified complaint, summons, or other lawful authority was shown to me.

23. I did not voluntarily consent to being fingerprinted or photographed.

24. My hand was physically placed on the fingerprint machine during custodial processing.

25. The fingerprinting and photographing were involuntary and occurred under custodial coercion, threat of continued arrest or detention, and because I was not free to leave. I did not give voluntary consent.

26. I maintain that the photo, fingerprinting, and biometric collection occurred through custodial coercion and not through voluntary consent.

27. I was later transported and delivered into custody.

28. I maintain that I was detained for approximately fifty hours without a neutral judicial probable-cause determination.

29. I did not receive the alleged bench warrant by mail or personal service before the May 11, 2024 seizure.

30. I did not see the alleged bench warrant until it was filed as an exhibit in this federal case.

31. I object to Defendants using a later-produced warrant exhibit as conclusive proof that lawful authority, valid service, constitutionally adequate notice, or proper process existed at the time of my seizure.

32. I also dispute that any first-class mailing or docket notation establishes that I received constitutionally adequate service or notice before my liberty was restrained.

33. I maintain that no summons, verified complaint, or constitutionally adequate notice was served on me in a manner sufficient to support a body seizure or liberty-restricting enforcement consequence.

34. I maintain that the alleged warrant and related enforcement process arose from a domestic-relations administrative or conference-based process that did not provide constitutionally protected required process before my liberty was restrained.

35. I maintain that I was not provided a meaningful pre-deprivation opportunity to contest the alleged basis for the warrant, the alleged service, the alleged notice, or the underlying jurisdictional and due-process defects before my liberty was restrained.

36. I previously attempted to submit documentation to Lancaster Domestic Relations, but documentation was denied or removed from the record based on an assertion that it did not comply with procedural rules. I dispute that characterization and maintain that the alteration or removal of submitted documentation may have affected the completeness and reliability of the record.

37. I make this Declaration to preserve my factual position, support my opposition to Defendants' Rule 12(c) motions, and support immediate determination of my pending preliminary-injunction request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25th day of May, 2026.

Submitted by:

Jonathan Francisco
Plaintiff, pro per

United States District Court
Eastern District of Pennsylvania
Civil Action

| | |
|---|---|
| Jonathan Francisco,<br>Plaintiff,<br><br>V.<br><br>Director Gary Kline of DRS et al.<br>Defendants | Docket No.: 5:25-cv-05775<br><br>[Proposed] **Order** for Brief in opposition to motions for judgement & Request for determination of Preliminary Injunction |

## ORDER

AND NOW, this ___ day of _____, 2026, upon consideration of Defendant Officer Shane Johnson's Motion for Judgment on the Pleadings, ECF No. 42, Defendants County of Lancaster and Director Gary Kline's Motion for Judgment on the Pleadings, ECF No. 44, Plaintiff's Brief in Opposition thereto, Plaintiff's pending preliminary-injunction filings, and the record in this matter, IT IS ORDERED THAT:

1. Defendant Officer Shane Johnson's Motion for Judgment on the Pleadings, ECF No. 42, is DENIED.
2. Defendants County of Lancaster and Director Gary Kline's Motion for Judgment on the Pleadings, ECF No. 44, is DENIED.
3. Plaintiff's pending preliminary-injunction request shall be determined on an expedited basis sufficiently before June 3, 2026 to permit meaningful passport-related relief.
4. To the extent the Court determines that a hearing or status conference is necessary before ruling on Plaintiff's pending preliminary-injunction request, an emergency hearing or status conference shall be scheduled sufficiently before June 3, 2026 to permit meaningful passport-related relief.
5. Pending further order of Court, and to preserve the status quo, Defendants shall not maintain, enforce, request, or continue passport restraint and federal travel disability arising from Title IV-D certification against Plaintiff absent constitutionally protected required process.
6. If the Court determines that any portion of Plaintiff's Amended Complaint requires clarification, Plaintiff is granted leave to amend rather than entry of judgment with prejudice.

BY THE COURT:

_____
JOSEPH F. LEESON, JR.
United States District Judge