**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JONATHAN FRANCISCO, Plaintiff, | : | |
| v. | : | No. 5:25-cv-5775 |
| DIRECTOR GARY KLINE *OF THE LANCASTER COUNTY DOMESTIC RELATIONS SECTION (DRS) IN HIS OFFICIAL CAPACITY*; COUNTY OF LANCASTER, PENNSYLVANIA; OFFICER SHANE JOHNSON *IN HIS INDIVIDUAL CAPACITY*; DOMESTIC RELATIONS SECTION OF LANCASTER COUNTY, Defendants. | : | |

**O P I N I O N**
**Plaintiff's Motion to Alter or Amend Judgment, or, in the Alternative, Motion for Relief from Judgment, ECF No. 52 – Denied**

**Joseph F. Leeson, Jr.**
**United States District Judge**

**September 2, 2026**

## I. INTRODUCTION

*Pro se* Plaintiff Jonathan Francisco brought numerous claims against the Domestic Relations Section of the Lancaster County Court of Common Pleas ("DRS"), its Director, Gary Kline, the County of Lancaster, and Officer Shane Johnson, under the First, Fourth, Eighth, Thirteenth, and Fourteenth Amendments, as well as the Pennsylvania Constitution (specifically, Article I, Section 8). The Court dismissed his Amended Complaint with prejudice on June 30, 2026. Now, Francisco brings the present Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e), or, in the alternative, a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(1). Francisco maintains that the Court erred in dismissing the

Amended Complaint with prejudice and overlooked many of his arguments. For the following reasons, the Court denies the Motion.

## II. BACKGROUND

Francisco does not want to pay child support. He sued DRS, Kline, the County, and Officer Johnson, who arrested Francisco pursuant to a bench warrant for failure to appear at a child support hearing. *See generally* Am. Compl., ECF No. 14. Francisco alleged that he "did not receive written notice of the legal basis, the nature and cause of the proceedings, or the specific obligations alleged," which amounted to a procedural due process violation. *Id.* ¶¶ 26, 70. Francisco maintains that he "did not appear at any in-person conference or hearing before his arrest; all communications with [] DRS occurred by telephone." *Id.* ¶ 27. During those calls, Francisco allegedly asked DRS to identify the law or statute that created an enforceable obligation against him, a contract to which he agreed to be bound, or "any injured party or factual basis justifying the asserted obligation." *Id.* ¶ 28. He alleged that DRS did not provide him with a complaint, sworn affidavit, or any other documentation regarding jurisdiction, yet the matter "moved forward." *Id.* ¶ 29; *see also* ECF No. 44-3 (numerous notices of hearings in the case).

During the child support proceedings, Francisco "did not submit financial statements, pay stubs, or other income documents to [] DRS because he was still disputing the legal basis and jurisdiction of the proceedings." Am. Compl. ¶ 30. On May 11, 2024, Officer Johnson arrested Francisco on a bench warrant issued by the DRS. *See id.* ¶¶ 39–41; *see also* ECF No. 33-1 (the bench warrant). DRS issued the bench warrant, which ordered that the authority in charge of the county jail notify the Director of DRS (Kline) that it held Francisco. *See* ECF No. 33-1.

Francisco alleged that Officer Johnson did not have a warrant and "did not articulate facts establishing probable or lawful grounds to detain" him. Am. Compl. ¶ 43.

The Court dismissed the Amended Complaint on June 30, 2026. *See* Op., ECF No. 50; *see also* Order, ECF No. 51. The Court "dismisse[d] Francisco's claims for damages and declaratory and injunctive relief against DRS pursuant to Eleventh Amendment immunity." Op. 30. Also, the Court "dismisse[d] Francisco's claims for damages and retrospective declaratory and injunctive relief against Kline pursuant to Eleventh Amendment immunity and all claims against Kline pursuant to quasi-judicial immunity." *Id.* "The Court dismisse[d] Francisco's claims against Officer Johnson as barred by qualified immunity." *Id.* "The Court also abstain[ed] from hearing Francisco's claims for prospective injunctive relief against Kline and Francisco's claims for injunctive and declaratory relief against Officer Johnson and the County of Lancaster pursuant to *Younger*." *Id.* at 30–31. "The Court dismisse[d] Francisco's claims against DRS, Kline, and Officer Johnson with prejudice because Francisco [could ]not plead his claims against them as a matter of law." *Id.* at 31. "Additionally, the Court dismisse[d] Francisco's claims against the County of Lancaster since there [wa]s no due process [or First Amendment Free Exercise Clause] violation." *Id.* The Court dismissed all claims and Defendants with prejudice "because an amendment would be futile." *Id.*

On July 28, 2026, Francisco brought the Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e), or, in the alternative, a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(1). *See* Mot., ECF No. 52. Francisco alleges that (1) the Court improperly decided disputed issues at the motion to dismiss stage; (2) the Court's "futility determination did not account for [Francisco's] express request or the specific amendments capable of curing the pleading"; (3) the Court erred in finding the preliminary-

injunction requests to be moot; (4) "*Younger* required claim-specific and remedy-specific treatment and could not support permanent dismissal of any affected damages claim"; (5) it was premature for the Court to find that Officer Johnson had qualified immunity "because material warrant, verification, identity, location, and entry facts remained disputed"; (6) the Court erred in finding an amendment as to Kline in his individual capacity would be futile because the "Eleventh Amendment and quasi-judicial immunity required capacity-, remedy-, and function-specific treatment"; (7) the recent Pennsylvania Supreme Court decision in *Punxsutawney Hunting Club, Inc. v. Pa. Game Comm'n*, No. 23 WAP 2023, 2026 WL 2111761 (Pa. July 21, 2026) is "intervening" authority relevant to futility for his claim under Article I, Section 8[1] of the Pennsylvania Constitution; (8) the "[c]ontinued detention and coercive civil contempt required analysis separate from the initial seizure"; and (9) his "amended declaratory claim can be limited to injuries caused by independent conduct rather than appellate review of a state judgment." *Id.* at 9–22.

Defendants County of Lancaster and Kline in his individual capacity filed a Response in Opposition on August 11, 2026. *See* Cnty. Resp., ECF No. 54. In it, they maintained that Francisco "does not argue or assert a change in controlling law or put forth any new evidence that was unavailable previously[,]" and "failed to point to any erroneous legal conclusion or

---

[1] Article I, Section 8 of the Pennsylvania Constitution provides that:

> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

Pa. Const. art. I, § 8.

holding that requires correction; rather, he simply asks that the order be reversed." *Id.* at 4. They also contended that Francisco "fails to provide any viable argument that this Court's determination regarding quasi-judicial immunity was incorrect[,]" and Francisco merely "disagrees with the Court's determinations with respect to all of these claims and attempts to subvert the appeal process by requesting that the Court reopen the case[.]" *Id.* at 6–7. Defendant Officer Johnson filed a Response in Opposition on August 12, 2026, adopting many of the County's and Kline's arguments, and agreeing with the Court's dismissal of the claims against Officer Johnson based on qualified immunity. *See* Johnson Resp., ECF No. 55.

## III. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 59(e) – Review of Applicable Law

Rule 59(e) allows a litigant to file a motion to alter or amend a judgment within twenty-eight days from entry of the judgment. *See* Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted); *see also Banister v. Davis*, 590 U.S. 504, 508 (2020) (holding that "courts will not address new arguments or evidence that the moving party could

have raised before the decision issued"). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**B. Motion for Relief under Rule 60(b) – Review of Applicable Law**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

## IV. ANALYSIS

Initially, this Court finds that the motion is properly construed under Rule 59(e) because it was raised within twenty-eight (28) days of the entry of judgment. *See Massey-Campbell v. Bridgecrest Acceptance Corp.*, No. 26-1026, 2026 WL 2428555, at *1 n.3 (3d Cir. Aug. 19, 2026) (construing the motion to vacate or reconsider the order dismissing the complaint under Rules 59(e) and 60(b) as filed pursuant to Federal Rule of Civil Procedure 59(e)). A Rule 60(b)

motion differs from a Rule 59(e) motion based on the length of time that has passed since judgment was entered. *See Banister v. Davis*, 590 U.S. 504, 520 (2020). A Rule 60(b) motion is often "distant in time" and attacks an already completed judgment. *Id.* "By contrast, a Rule 59(e) motion is a one-time effort to bring alleged errors in a just-issued decision . . . before taking a single appeal." *Id.*

Francisco fails to show that this Court made any clear errors of law or fact that could result in manifest injustice or there was an intervening change in the controlling law.

To the extent Francisco argues that there was a change in the intervening law that shows an amendment of his unreasonable seizure claim under Article I, Section 8 of the Pennsylvania Constitution (or Fourth Amendment unreasonable seizure claim) would not be futile, his argument is without merit. Francisco relies on *Punxsutawney Hunting Club, Inc. v. Pa. Game Comm'n*. *See* 2026 WL 2111761. There, the Pennsylvania Supreme Court struck down portions of the Gaming Code that permitted Commission "officers, employees, and representatives to enter private land, posted or otherwise, outside of buildings and curtilage without a warrant, probable cause, and/or satisfying one of the recognized exceptions to the warrant requirement to inspect for violations of the Code[.]" *Id.* at *37. The Pennsylvania Supreme Court "conclude[d] that the scope of the protection afforded under Article I, Section 8 [of the Pennsylvania Constitution] to a landowner's open fields extends to private land located beyond the curtilage over which the landowner has demonstrated a reasonable and legitimate expectation of privacy by taking sufficient steps to exclude intruders therefrom. Government officials, therefore, must obtain a warrant based upon probable cause or satisfy one of the recognized exceptions to the warrant requirement before entering the private land of any landowner that has taken such steps." *Id.* In this case, however, Officer Johnson *had* a valid bench warrant when entering Francisco's

property and arresting him for failure to appear at a hearing. *See* Op. 22–23. Thus, *Punxsutawney Hunting Club* does not apply to this case.

As to Franscisco's argument that the Court erred by deciding disputed issues, namely the validity of the warrant, there was no manifest injustice. A warrant is generally entitled to a "presumption of validity[.]" *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Regardless, "any Fourth Amendment argument arising out of the arrest is without merit even if the bench warrant later turns out to be invalid." *Ridge v. Campbell*, No. 13-1577, 2014 WL 5701339, at *4 (M.D. Pa. Nov. 5, 2014) (citing *Perez v. Gamez,* No. 13-1552, 2013 WL 6182038, at *5 (M.D. Pa. Nov. 25, 2013) (citing *United States v. Smith,* 468 F.2d 381, 383 (3d Cir. 1972); *United States v. Spencer,* 684 F.2d 220, 223 (2d Cir. 1982); *Carter v. Baltimore Cnty.,* 95 F. App'x 471, 478 (4th Cir. 2004))). The courts "have generally extended immunity to an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 273 (3d Cir. 2000). Accordingly, the Court's conclusion that Officer Johnson is protected by qualified immunity remains the same and there is no basis for reconsideration.

All of Francisco's other concerns are also without merit. This Motion arises from nothing more than Francisco's disagreement with, or misunderstanding of, the Court's conclusions, which is not an acceptable basis for altering or amending the Court's judgment. *See Meachum v. Temple Univ.-of the Commw. Sys. of Higher Educ.*, 56 F. Supp. 2d 557, 559 n.2 (E.D. Pa. 1999) ("Mere disagreement with this court's decision is not enough to grant a motion for reconsideration." (citation omitted)).

## V. CONCLUSION

For the foregoing reasons, the Court denies Francisco's Motion pursuant to Rule 59(e).

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*__________
JOSEPH F. LEESON, JR.
United States District Judge